LOWE'S CHARLOTTE HARDWARE, INC. v. ARTHUR L. HOWARD AND WIFE, BEVERLY W. HOWARD

No. 7326SC38

(Filed 25 April 1973)

1. Trial § 4— setting aside nonsuit for failure to prosecute

There was plenary evidence to support findings by the trial court in its order setting aside a judgment of nonsuit for failure to prosecute, including a finding that no notice that the case would be called was received by plaintiff's counsel.

2. Reference § 1; Trial § 4— case in reference — nonsuit for failure to prosecute

The trial court had no authority to enter a judgment of nonsuit for failure to prosecute while an order of reference in the case remained in effect.

3. Rules of Civil Procedure § 60— motion to set aside judgment — reasonable time

Where judgment of nonsuit for failure to prosecute was entered on 9 March 1970 and plaintiff's counsel did not receive notice thereof until 10 May 1971, a motion filed on 17 May 1971 pursuant to G.S. 1A-1, Rule 60(b) (6), to set aside the judgment of nonsuit on grounds that plaintiff's counsel had received no notice that the case had been calendared for trial and that the case was still in reference at the time of the judgment was made within a reasonable time.

APPEAL by defendants from McLean, Judge, 26 May and 16 June 1972 Sessions of Superior Court held in MECKLENBURG County.

Defendants, Arthur L. Howard and wife, Beverly W. Howard, appealed from an order setting aside a "judgment of nonsuit." Facts necessary for an understanding of this appeal are

contained in the order appealed from and, except where quoted, are summarized as follows:

Plaintiff instituted this action by filing complaint in the Superior Court held in Wilkes County. On 4 October 1968, defendants filed answer and a motion to change venue, which motion was allowed by order of Judge Collier, dated 22 November 1968, transferring this cause to the Superior Court held in Mecklenburg County. An order of reference, appointing Kurt R. Conner, attorney at law, as referee, was also entered by Judge Collier on 22 November 1968. Pursuant to the order of reference, Referee Conner, on 5 December 1968, notified counsel for plaintiff and counsel for defendants of his appointment "and requested that hearings be scheduled in order to examine a long account for building materials and supplies allegedly furnished by the plaintiff . . . . " Conflicts in scheduling have precluded the referee from conducting hearings on this matter despite repeated efforts by counsel for plaintiff and defendants to schedule a hearing. The case was placed on page 36 of the "Spring Clean-up Calendar" of the Superior Court held in Mecklenburg County and was called on 9 March 1970, before Judge Clarkson. "[A]t the time this case was called neither the plaintiff nor counsel for the plaintiff appeared, the Calendar Committee recommended that a judgment of nonsuit be entered, and a judgment of nonsuit was signed and entered by the Honorable Francis O. Clarkson on March 9, 1970." The law firm of McElwee & Hall from North Wilkesboro was listed as "attorney of record" for the plaintiff. No address or other indication that plaintiff's counsel was from "out of town" appeared on the calendar "whereas the addresses of other out of town attorneys were indicated immediately following their name throughout this calendar."

"10. The procedure by which the Clerk of the Superior Court of Mecklenburg County notified out of town counsel as to the date and time when their cases would be called was for the Calendar Clark [sic] and/or her assistant to examine the calendar in question and place a check mark by all out of town attorneys; the Calendar Clerk or her assistant would then go through the calendar and address an envelope to all out of town attorneys and would then place a copy of the calendar in each of said envelopes and place the envelopes containing the calendar in a space in the Clerk's office provided for outgoing mail; that said outgoing mail was then supposed to be picked up by another

employee of the Clerk's office who was supposed to put the correct postage on said envelopes and was supposed to deposit them in the United States mail."

No cross-reference was made to assure that a calendar was mailed to each out of town attorney.

"12. Neither the Mecklenburg County 'Spring Clean-up Calendar' which was called on March 9, 1970, nor any other notice that this case would be called was received by counsel for the plaintiff."

Cases found to be at issue during the call of the clean-up calendar were placed on the tentative trial calendar. "This case was at issue and in reference at the time the judgment of nonsuit was entered." Defendants' counsel was present at the call of this case on 9 March 1970, but the referee was not notified of the entry of judgment on nonsuit, "nor was the reference terminated prior to the entering of said judgment." On 10 May 1971, plaintiff's counsel received notice of the judgment of nonsuit entered 9 March 1970, and on 17 May 1971 filed a motion to set aside that judgment.

Based upon the findings of fact set out above, Judge McLean made the following pertinent conclusions of law:

"1. The plaintiff is justified in being relieved from the operation of the judgment of nonsuit entered by the Honorable Francis O. Clarkson on March 9, 1970, pursuant to Rule 60(b)(6) of the North Carolina Rules of Civil Procedure as a result of plaintiff and plaintiff's counsel having no notice that the case would be called on March 9, 1970.

*   *   *

3. Plaintiff's motion to set aside the judgment entered by the Honorable Francis O. Clarkson on March 9, 1970, pursuant to Rule 60 of the North Carolina Rules of Civil Procedure was made within a reasonable time."

From an order filed 26 May 1972 setting aside the judgment dated 9 March 1970, defendants appealed.

*McElwee & Hall by T. V. Adams, and Eric Davis for plaintiff appellee.*

*Parker Whedon for defendant appellants.*

HEDRICK, Judge.

Defendants contend "[t]he decision of the Superior Court to set aside the original judgment was based on findings of fact not supported by the evidence, and by the refusal to find facts supported by competent, uncontradicted evidence."

[1] Findings of fact made by a trial court, if supported by any competent evidence, are binding on appeal even though there is evidence to the contrary. *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373 (1971); *Kirby v. Contracting Co.*, 11 N.C. App. 128, 180 S.E. 2d 407 (1971), cert. denied 278 N.C. 701 (1971). There was plenary competent evidence to support the findings of Judge McLean, including the finding that no notice that this case would be called was received by counsel for the plaintiff. This assignment of error is overruled.

Defendants next contend that "[t]he decision of the Superior Court to set aside the original judgment was based on the erroneous conclusion that the trial court lacked jurisdiction over the action, by virtue of its being in reference."

The order of Judge McLean merely recites that "[t]he judgment of nonsuit . . . was void because the matter was in reference by virtue of a consent agreement of the parties at the time the judgment was entered . . . ."

[2] An order of reference, not expressly limited in duration, continues in force until executed or revoked by act of law or discharged by the court. *Tyson v. Robinson,* 25 N.C. 333 (1843). No order terminating the reference was entered in this case; thus, Judge Clarkson was without authority to enter a judgment as of nonsuit while the order of reference remained in effect. *Coburn v. Timber Corp.*, 257 N.C. 222, 125 S.E. 2d 593 (1962).

[3] Finally, defendants contend that Judge McLean erred in setting aside the judgment of nonsuit "in that a reasonable time exceeding one year had passed from the entry of judgment prior to the filing of the motion."

While motions under G.S. 1A-1, Rule 60(b)(1), (2) and (3) must be brought within one year after a judgment is taken or entered, motions under Rule 60(b)(6), to set aside a final judgment for "[a]ny other reason justifying relief from the operation of the judgment" may be brought within "a reasonable time." G.S. 1A-1, Rule 60(b). "The broad language of

clause (6) 'gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice'. 3 Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.) § 1329." *Brady v. Town of Chapel Hill,* 277 N.C. 720, 723, 178 S.E. 2d 446, 448 (1971).

The findings and conclusions of Judge McLean clearly demonstrate that plaintiffs' motion was made within a reasonable time and that the entry of the order setting aside the judgment as of nonsuit was appropriate to accomplish justice.

For the reasons stated, the order appealed from is

Affirmed.

Judges BROCK and VAUGHN concur.