WESLEY LAFAYETTE FLINN, JR. v. ANITA LOUISE JONES LAUGHING-HOUSE

No. 8326SC768

(Filed 15 May 1984)

1. **Rules of Civil Procedure § 60— jurisdiction to hear motion to set aside order setting aside adoption properly found**

   In an action instituted by plaintiff to set aside a clerk's order setting aside a final order of defendant's adoption, pursuant to G.S. 1A-1, Rule 60, the trial court had jurisdiction to hear plaintiff's motion since plaintiff was not notified or made a party to the adoption nullification proceeding initiated by the defendant.

2. **Adoption § 1— child involved without standing to question validity of adoption proceeding**

   G.S. 48-28 prohibits any direct or collateral attack in adoption proceedings except by a biological parent or guardian of the child. It makes no provision for attack by the child. Further, nothing in the statute requires that she be

represented by counsel or that a guardian ad litem be appointed, the statute does not require her consent, and G.S. 48-6(b) does not require the child's natural father to give his consent or to be made a party.

APPEAL by defendant from *Grist, Judge.* Order entered 10 May 1982 in Superior Court, MECKLENBURG County. Appeal also from *Snepp, Judge.* Order entered 11 April 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 May 1984.

This action arises out of a dispute between the plaintiff and the defendant over the right to inherit the estate of Frank Jones. Plaintiff is his nephew. The defendant was born 10 July 1955 out of the marriage of Louise Jones and Frank Jones. However, on 17 June 1957, Frank Jones was granted an absolute divorce from Louise Jones. In his petition for divorce, Frank Jones alleged he and Louise Jones had lived separate and apart since October 1953 (18 months prior to defendant's birth). In August 1959, Louise Jones married Ned P. Laughinghouse, who adopted the defendant for life, the final decree being entered 5 October 1960.

In the petition for adoption an affidavit from Louise Jones Laughinghouse, defendant's mother, was filed, alleging that separation from and after October 1953, and that under G.S. 48-6(b) the consent of Frank Jones was not required. He gave no consent and was not made a party to the adoption proceeding.

Frank Jones died intestate in South Carolina on 1 December 1979. On 17 July 1980, defendant filed a motion to set aside the final order of her adoption with the clerk of court for Mecklenburg County. A hearing was held and on 8 August 1980 an order was entered declaring the final order adopting defendant for life heretofore entered on 5 October 1960 null and void. Plaintiff took no part in these proceedings.

On 15 February 1982, plaintiff instituted a separate action in the Superior Court of Mecklenburg County to set aside the clerk's order of 8 August 1980. Defendant's answer asserted lack of jurisdiction in the Superior Court of Mecklenburg County. Defendant also filed a separate motion for judgment on the pleadings. On 10 May 1982, the trial judge entered an order denying defendant's motion to dismiss for lack of jurisdiction and for judgment on the pleadings. On 13 April 1983, the court entered

an order denying defendant's motion for summary judgment and allowing plaintiff's motion for summary judgment, and entered an order vacating the order of 8 August 1980 in the adoptive proceedings. Defendant appeals.

*Thigpen and Hines, P.A., by James C. Smith for plaintiff appellee.*

*George C. Collie for defendant appellant.*

HILL, Judge.

[1] Defendant first assigns as error the trial court's denial of his motion to dismiss plaintiff's independent action, alleging the trial court had no jurisdiction over the subject matter of this controversy. Defendant contends the clerk of superior court has exclusive original jurisdiction in adoption proceedings unless an appeal has been taken from the decision of the clerk.

Rule 60 of the Rules of Civil Procedure establishes steps to provide relief from a judgment or order of court. The rule states specifically: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules or by an independent action." G.S. 1A-1, Rule 60(b). Rule 60(c) incidentally establishes the same power in judges with respect to judgments rendered by the clerk. Rule 60(b) defines areas from which relief can be obtained, including fraud and "[a]ny other reason justifying relief from the operation of the judgment." G.S. 1A-1, Rule 60(b)(6). The broad language of Rule 60(b)(6) gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice. *Brady v. Town of Chapel Hill*, 277 N.C. 720, 178 S.E. 2d 446 (1971); *Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E. 2d 148, *cert. denied*, 291 N.C. 176, 229 S.E. 2d 689 (1976).

Since plaintiff was not notified or made a party to the adoption nullification proceeding initiated by the defendant, the plaintiff was empowered fully to bring an independent action to vacate the clerk's order. See *Strickland v. Hughes*, 273 N.C. 481, 160 S.E. 2d 313 (1968); *Carpenter v. Carpenter*, 244 N.C. 286, 93 S.E. 2d 617

(1956). We conclude plaintiff's action falls within the parameters of G.S. 1A-1, Rule 60.

[2]   Defendant next argues the trial judge erred in granting summary judgment for the plaintiff and entering an order vacating the clerk's order in the adoption proceeding, and in denying defendant's motion for summary judgment. Defendant contends she had standing to attack her adoption because (1) she was not represented by counsel or a guardian ad litem at her adoption proceeding; (2) she did not consent to her adoption; and (3) her alleged natural father, Frank Jones, was not made a party to defendant's adoption proceeding.

An examination of the record reveals the original adoption proceeding to be in proper form. Furthermore, G.S. 48-28 governs who has standing to question the validity of adoption proceedings and it provides as follows:

> *Questioning validity of adoption proceeding.* — (a) After the final order of adoption is signed, no party to an adoption proceeding nor anyone claiming under such a party may later question the validity of the adoption proceeding by reason of any defect or irregularity therein, jurisdictional or otherwise, but shall be fully bound thereby, save for such appeal as may be allowed by law. No adoption may be questioned by reason of any procedural or other defect by anyone not injured by such defect, *nor may any adoption proceeding be attacked either directly or collaterally by any person other than a biological parent or guardian of the person of the child.* The failure on the part of the clerk of the superior court, the county director of social services, or the executive head of a licensed child-placing agency to perform any of the duties or acts within the time required by the provisions of this section shall not affect the validity of any adoption proceeding.
>
> (b) The final order of adoption shall have the force and effect of, and shall be entitled to, all the presumptions attached to a judgment rendered by a court of general jurisdiction. (Emphasis added.)

This statute clearly prohibits any direct or collateral attack in adoption proceedings except by a biological parent or guardian of the child. See *Hicks v. Russell*, 256 N.C. 34, 123 S.E. 2d 214

(1961). It makes no provision for attack by the child. Nothing in the statute requires that she be represented by counsel or that a guardian ad litem be appointed. Nor does the statute require her consent.

G.S. 48-6(b) does not require her natural father to give his consent or to be made a party. This statute provides:

> In all cases where a court of competent jurisdiction has rendered a judgment of divorce on the grounds of separation between the natural mother of a child and her husband, the consent of the husband shall not be required for the adoption of a child of the wife, begotten during the period of separation determined by the court in the divorce action as the basis of its judgment, and the husband need not be made a party to the adoption proceeding.

The South Carolina divorce between defendant's mother and Frank Jones was based on a separation of the parties from and after October 1953. Defendant was born in June 1955. It is apparent the child was "begotten during the period of separation determined by the court in the divorce action as the basis of its judgment." G.S. 48-6(b). Defendant has no standing under North Carolina law to attack her adoption.

The decision of the trial judge entering summary judgment in favor of plaintiff and vacating the clerk's order is

Affirmed.

Judges WEBB and WHICHARD concur.