WALTER H. WINDLEY, JR. v. CHARLES DOCKERY AND GASTON ROOFING
AND CONSTRUCTION

No. 8927DC216

(Filed 3 October 1989)

**Rules of Civil Procedure § 60— no notice that case was calendared—
case dismissed—duty of court to make findings**

The trial court erred in denying defendants' motion to
obtain relief from a judgment of dismissal pursuant to N.C.G.S.
§ 1A-1, Rule 60(b) where the trial judge failed in his duty
to make findings of fact relative to whether defendants had
notice that the case appealed from the magistrate to the district
court was on the calendar for disposition.

APPEAL by defendants from *Carpenter, Judge.* Judgment
entered 14 November 1988 in District Court, GASTON County. Heard
in the Court of Appeals 20 September 1989.

This is a civil action wherein plaintiff seeks to recover damages
in the amount of $950.00 from defendants based on a claim for
breach of contract. The record discloses the following: Defendants
were hired by plaintiff to repair a roof on plaintiff's property in
Gaston County, North Carolina. Plaintiff was dissatisfied with
defendants' work and filed this action in the Small Claims Division
of the District Court of the General Court of Justice for Gaston
County on 31 March 1988. Defendants were duly served with proc-
ess on 7 April 1988. The case was heard on 18 April 1988 before
Judge Beatty. Judgment was entered for plaintiff. Defendants gave
written notice of appeal to the district court on 28 April 1988.

On 31 May 1988, the case appeared in district court on Judge
Stevens' calendar, and neither plaintiff nor defendants appeared
whereupon Judge Stevens entered the following order:

THIS CAUSE was regularly calendared for trial de novo
before the undersigned Judge Presiding at the May 31, 1988,
Civil Term of the District Court of Gaston County upon the
defendant's appeal from the Judgment of the Magistrate entered
on the 18th day of May, 1988.

The defendant was duly called to come into Court and
prosecute his appeal, but failed to appear.

**WINDLEY v. DOCKERY**

[95 N.C. App. 771 (1989)]

IT IS THEREFORE, ORDERED, that the defendant's appeal be, and the same is hereby dismissed, and the Judgment of the Magistrate is affirmed.

On 15 September 1988, defendants filed a motion pursuant to Rule 60(b) for relief from judgment dated 10 June 1988. On 14 November 1988, District Court Judge Carpenter entered the following order:

. . . [T]he Court heard arguments of counsel and the Plaintiff, reviewed the file, and concludes as a matter of law that the Defendant's Motion pursuant to Rule 60 to set aside the Judgment should not be allowed.

THEREFORE, BASED UPON THE AFORESAID, IT IS ORDERED, ADJUDGED AND DECREED that the Defendant's Motion to set aside the Judgment be denied.

Defendants appealed from the order dated 14 November 1988 denying their motion made pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure.

*Walter H. Windley, Jr., pro se, plaintiff, appellee.*

*Childers, Fowler & Childers, by Max L. Childers and David C. Childers, for defendants, appellants.*

HEDRICK, Chief Judge.

The only question raised on this appeal is whether Judge Carpenter erred in entering the order dated 14 November 1988 denying defendants' Rule 60 motion. G.S. 7A-228(c) provides:

Whenever [an appeal from a magistrate] is docketed and is regularly set for trial, and the appellant fails to appear and prosecute his appeal, the presiding judge may have the appellant called and the appeal dismissed; and in such case the judgment of the magistrate shall be affirmed.

The question before us is whether Judge Carpenter erred in denying defendants' motion to obtain relief from that judgment pursuant to their Rule 60(b) motion.

On their motion, defendants allege they had no notice that the case which they had appealed from the magistrate to the district court had been calendared for trial. Thus, the critical question before Judge Carpenter with respect to defendants' motion was

whether defendants had notice, constructive or actual, to come in and prosecute their appeal.

Rule 60(b)(6)· of the North Carolina Rules of Civil Procedure authorizes the court to grant relief to a party from a judgment for any other just cause. It is clear that the court may give relief from a judgment pursuant to Rule 60(b)(6) if the party making the motion has not had notice that the case was duly calendared. See *Hardware, Inc. v. Howard*, 18 N.C. App. 80, 196 S.E.2d 53 (1973). "It is the duty of the trial court in ruling on a 60(b) motion to make findings of fact and to determine from such facts whether the movant is entitled to relief from such judgment or order." *York v. Taylor*, 79 N.C. App. 653, 655, 339 S.E.2d 830, 832 (1986).

In the present case, it was the duty of the trial judge to make findings of fact relative to whether defendant had notice that the case appealed from the magistrate to the district court was on the calender for disposition. In the case *sub judice*, Judge Stevens found as a fact that the case had been duly calendared and that neither plaintiff nor defendants appeared. The only evidence before Judge Carpenter with respect to defendants' Rule 60(b) motion was that defendants had not received notice. Therefore, since the only evidence regarding the matter of whether defendants had received notice was in the negative, it was the duty of the trial judge to find as a fact defendants did not have notice and to allow defendants' motion entering an order vacating the judgment of 10 June 1988 and allowing the parties to proceed to proper disposition of the appeal.

Reversed and remanded.

Judges ARNOLD and BECTON concur.