MILTON M. CROOM CHARITABLE REMAINDER UNITRUST, W. BRIAN HOWELL, TRUSTEE, Plaintiff v. ROBERT T. HEDRICK, Defendant and Third-Party Plaintiff v. P.D. WILLIAMS, INDIVIDUALLY AND AS CO-TRUSTEE OF THE CROOM TRUST, Third-Party Defendant

No. COA05-1586

(Filed 15 January 2008)

### 1. Civil Procedure— Rule 60(b)(1) motion—excusable neglect—notice of hearing

The trial court did not abuse its discretion in an action regarding the liability on a promissory note by denying third-party defendant Williams's N.C.G.S. § 1A-1, Rule 60(b)(1) motion for relief from judgment entered 18 July 2005 based on alleged excusable neglect of no notice of the hearing, because: (1) although Williams contends her attorney Wood had not been sent a calendar for the trial date by the Wake County Clerk of Court as of the date she began representing herself pro se, there was no evidence in the record to support her assertion; (2) Williams's only justification for not obtaining representation after Wood withdrew was that nothing was happening, she assumed the opposing party would keep her abreast of any developments, and the failure to obtain an attorney does not constitute excusable neglect nor does professing ignorance of the judicial process; and (3) the Court of Appeals has upheld the denial of a Rule 60(b) motion when the moving party was under the impression that he would be informed of a hearing time by the opposing party and did not contact an attorney until after a default judgment was entered.

### 2. Civil Procedure— Rule 60(b)(3) motion—fraud, misrepresentation, or other misconduct

The trial court did not abuse its discretion in an action regarding the liability on a promissory note by denying third-party defendant Williams's N.C.G.S. § 1A-1, Rule 60(b)(3) motion for relief from judgment entered 18 July 2005 based on alleged fraud, misrepresentation, or other misconduct, even though Williams contends third-party plaintiff Hedrick had actual knowledge of her address but never attempted to contact Williams after attorney Wood withdrew as her counsel in order to inform Williams that the matter was scheduled for any trial or hearing, because: (1) Williams concedes there is no duty under the law for the opposing party to do so; (2) Williams did not point to any false

**CROOM v. HEDRICK**

[188 N.C. App. 262 (2008)]

statement made by Hedrick to the trial court during the 18 July 2005 proceeding, and the record revealed no egregious scheme of directly subverting the judicial process; and (3) Williams failed to demonstrate the judgment was procured by any fraud, misconduct, or misrepresentation.

## 3. Civil Procedure— Rule 60(b)(6) motion—any other reason justifying relief from operation of judgment

The trial court did not abuse its discretion in an action regarding the liability on a promissory note by denying third-party defendant Williams's N.C.G.S. § 1A-1, Rule 60(b)(6) motion for relief from judgment entered 18 July 2005 based on any other reason justifying relief from the operation of the judgment, because: (1) third-party plaintiff Hedrick stated in an affidavit that the six-month calendar had been published in April 2005, Williams did not deny this information, and it was uncontroverted that Williams was represented by counsel until 28 April 2005; (2) it was reasonable for the trial court to believe Williams's counsel had received notice of the hearing date, and knowledge of an attorney is imputed to the attorney's client; (3) Williams failed to show that extraordinary circumstances exist and that justice demands such relief; and (4) Williams's arguments with respect to her purported meritorious defense need not be addressed when she failed to satisfy her burden of demonstrating the existence of a reason justifying relief under Rule 60(b)(1)-(6).

## 4. Appeal and Error— appealability—defective notice of appeal

Although third-party defendant Williams contends the trial court erred in its 18 July 2005 judgment finding her liable for unfair and deceptive trade practices, the Court of Appeals did not have jurisdiction to review the underlying judgment entered 18 July 2005 because: (1) Williams only filed notice of appeal from the denial of her Rule 60(b) motion for relief; (2) the appellate court obtains jurisdiction only over the ruling specifically designated in the notice of appeal; and (3) notice of appeal from the denial of a motion to set aside a judgment which does not also specifically appeal the underlying judgment does not properly present the underlying judgment for review.

Appeal by third-party defendant from an order entered 20 September 2005 by Judge J.B. Allen, Jr., in Wake County Superior Court. Heard in the Court of Appeals 19 September 2007.

CROOM v. HEDRICK

[188 N.C. App. 262 (2008)]

*Robert T. Hedrick, for third-party plaintiff-appellee.*

*Stubbs & Perdue, P.A., by Trawick H. Stubbs, Jr., Laurie B. Biggs, and Thomas Reston Wilson, for third-party defendant-appellant.*

JACKSON, Judge.

P.D. Williams ("Williams") appeals from an order entered 20 September 2005 denying her Rule 60(b) motion for relief from judgment entered 18 July 2005. For the following reasons, we affirm in part and dismiss in part.

Beginning several years prior to 1998, Robert T. Hedrick ("Hedrick") performed legal services for Williams and various corporations in which Williams had an interest as an officer or stockholder, including Cal-Tone Paints, Inc., Southeastern Sundries and Supplies, Inc., Tri-Coatings Company, Inc., Nathaniel Macon, Inc., and Slim & None, Inc. After becoming president of Cal-Tone Paints, Inc., Williams assured Hedrick that he would be paid for the services he had performed. Based upon this representation, Hedrick continued to perform legal services for Williams and the various corporations.

Williams also was appointed co-trustee of the Milton M. Croom Charitable Remainder Unitrust ("the Croom Trust"), and among the Croom Trust's assets was a sailboat ("the boat"). Since the inception of the Croom Trust, there had been no funds available with which to pay the expenses associated with maintaining the boat. In September 1999, the boat washed onto a marshy bank as a result of Hurricane Floyd and needed to be moved because it was blocking a commercial fishing trawler. Williams informed Hedrick that the Croom Trust did not have the funds to pay for moving the boat and asked Hedrick to assume ownership of the boat, with the understanding that Williams would pay the purchase price. Williams further asked Hedrick to prepare a promissory note for $50,000.00 for him to sign payable in two years, which would provide her sufficient time to acquire the funds to pay for the boat. Williams indicated that she would mark the promissory note paid and satisfied in full in order to assure that Hedrick would not be responsible for payment on the note.

On 22 September 1999, Hedrick executed a promissory note ("the note") in the amount of $50,000.00 payable to the Croom Trust, which Williams, as trustee, signed as being satisfied. Williams also instructed Hedrick to date the satisfaction at a time beyond the payment due date. Thereafter, Williams assured Hedrick on numerous

occasions that she intended to pay the Croom Trust for the boat as soon as she was in a financial position to do so. In the summer of 2001, Williams requested that Hedrick prepare an extension of the note since she had been unable to obtain the funds as anticipated. Hedrick prepared the extension with the understanding that Williams remained responsible for payment for the boat to the Croom Trust.

In October 2002, Williams indicated that she would pay $50,000.00 for the boat, but refused to pay the interest that had accumulated. Thereafter, Brent E. Wood ("Wood"), attorney for Williams, indicated that Williams would attempt to obtain financing on property that she had agreed to purchase and that if she could obtain such financing, she would put $50,000.00 into an escrow account. Hedrick responded to Wood and informed him that such a proposal was unacceptable.

On 13 October 2003, the Croom Trust filed a complaint against Hedrick alleging that Hedrick was liable on the note. On 12 December 2003, Hedrick filed an answer and counterclaim as well as a third-party complaint alleging cross-claims against Williams. On 8 April 2004, the Croom Trust filed a motion for summary judgment against Hedrick, which the trial court granted by order entered 27 May 2004. On 4 June 2004, Williams filed a motion to dismiss Hedrick's third-party complaint, and on 17 February 2005, Williams filed an answer to the third-party complaint. On 16 March 2005, Hedrick filed a more definite statement, and on 21 April 2005, Wood filed a motion to withdraw as Williams' counsel. By order entered 22 April 2005, the trial court denied Williams' motion to dismiss, and by order entered 28 April 2005, the trial court ordered Wood withdrawn as Williams' counsel.

At a hearing held on 18 July 2005 and unattended by Williams, the trial court found Williams liable on Hedrick's cross-claims and awarded Hedrick $150,000.00 in treble damages for unfair and deceptive trade practices, along with interest on the note and the costs of the action. On 19 July 2005, Hedrick dismissed his counterclaims against the Croom Trust. On 1 August 2005, Williams filed a Rule 60(b) motion for relief from the 18 July 2005 judgment, which the trial court denied by order entered 20 September 2005. Thereafter, Williams filed timely notice of appeal.

As this Court recently explained,

Rule 60(b) of the North Carolina Rules of Civil Procedure provides that a court may relieve a party from a judgment or order

because: (1) of mistake, surprise, or excusable neglect; (2) of newly discovered evidence that could not have been timely discovered by due diligence; (3) of fraud, misrepresentation, or other misconduct; (4) the judgment or order is void; (5) the judgment or order has been satisfied or discharged, or a prior judgment or order upon which it is based has been reversed or vacated; or (6) any other equitable justification for relief from the judgment or order.

*Williams v. Walker*, 185 N.C. App. 393, 397-98, 648 S.E.2d 536, 540 (2007) (citing N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005)). In the instant case, Williams based her motion for relief upon Rule 60(b)(1), (2), (3), and (6). Williams, however, has offered no argument on appeal with respect to Rule 60(b)(2). Accordingly, we confine our review to her motion for relief with respect to Rule 60(b)(1), (3), and (6). *See* N.C. R. App. P. 28(b)(6) (2006).

The standard of review for the denial of a Rule 60(b) motion is abuse of discretion. *See Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006). "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980). "A trial court is not required to make written findings of fact when ruling on a Rule 60(b) motion, unless requested to do so by a party." *Creasman v. Creasman*, 152 N.C. App. 119, 124, 566 S.E.2d 725, 729 (2002); *accord Condellone v. Condellone*, 137 N.C. App. 547, 550, 528 S.E.2d 639, 642, *disc. rev. denied*, 352 N.C. 672, 545 S.E.2d 420 (2000). *But see Trent v. River Place, LLC*, 179 N.C. App. 72, 79, 632 S.E.2d 529, 534 (2006) ("Upon hearing such a [Rule 60(b)] motion, it is the 'duty of the judge presiding . . . to make findings of fact and to determine from such facts whether the movant is entitled to relief from a final judgment or order.'" (alteration in original) (quoting *Hoglen v. James*, 38 N.C. App. 728, 731, 248 S.E.2d 901, 903 (1978))). When, as in the instant case, "the trial court does not make findings of fact in its order denying the motion to set aside the judgment, the question on appeal is 'whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion.'" *Grant v. Cox*, 106 N.C. App. 122, 125, 415 S.E.2d 378, 380 (1992) (alteration omitted) (quoting *Tex. W. Fin. Corp. v. Mann*, 36 N.C. App. 346, 349, 243 S.E.2d 904, 907 (1978)).

[1] First, with respect to Rule 60(b)(1), "[t]he issue of 'what constitutes "excusable neglect" is a question of law which is fully reviewable on appeal.'" *McIntosh v. McIntosh*, 184 N.C. App. 697, 704-05,

646 S.E.2d 820, 825 (2007) (quoting *In re Hall*, 89 N.C. App. 685, 687, 366 S.E.2d 882, 884, *disc. rev. denied*, 322 N.C. 835, 371 S.E.2d 277 (1988)). "While there is no clear dividing line as to what falls within the confines of excusable neglect as grounds for the setting aside of a judgment, what constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 554-55 (1986).

In the case *sub judice*, Williams contended in her Rule 60(b) motion that after Wood withdrew from representation,

> Williams never received any calendar or other written notice indicating that the above-captioned civil action was proceeding to any hearing or trial. To the contrary, the only communication received by Williams from Hedrick after Mr. Wood withdrew as counsel . . . was a letter and audiotape from Hedrick, with which Hedrick attempted to blackmail Williams.[1]

The record demonstrates that the instant case was placed on the six-month trial calendar published in April, and Williams was represented by Wood until the trial court granted his motion to withdraw on 28 April 2005. Williams was present at the hearing when the court ordered Wood withdrawn as counsel. Although Williams contends that her attorney had not been sent a calendar for the trial date by the Wake County Clerk of Court as of the date she began representing herself *pro se*, there is no evidence in the record to support her assertion. Williams did not present an affidavit from Wood to the trial court, and Wood did not testify at the hearing on Williams' Rule 60(b) motion.

Additionally, Williams' only justification for not obtaining representation after Wood withdrew was that "[n]othing was happening." She acknowledged that at the time Wood withdrew, she had three other lawsuits pending—in one of those lawsuits, Wood continued to represent her, and in another, Williams hired an attorney in May, after Wood had withdrawn from representation in the instant matter. Williams further acknowledged that she had been represented by counsel in eight different lawsuits concerning the companies in which she had an interest. Williams nevertheless "did nothing" with respect to the instant lawsuit because she expected Hedrick—the

---

1. Neither the letter nor the audiotape allegedly sent by Hedrick are included in the record on appeal.

opposing party—to keep her abreast of any developments. Williams explained, "I didn't know what I was supposed to do."

It is well-settled that litigants are expected to pay "that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable." *Jones v. Statesville Ice & Fuel Co., Inc.*, 259 N.C. 206, 209, 130 S.E.2d 324, 326 (1963) (quotation marks and citation omitted). "[T]he failure of a party to obtain an attorney does not constitute excusable neglect," *Scoggins v. Jacobs*, 169 N.C. App. 411, 416, 610 S.E.2d 428, 432 (2005), and a party generally cannot demonstrate excusable neglect by professing ignorance of the judicial process. *See Hall*, 89 N.C. App. at 688, 366 S.E.2d at 885; *see also Lerch Bros. v. McKinne Bros.*, 187 N.C. 419, 420, 122 S.E. 9, 10 (1924) ("*Ignorantia facti excusat, ignorantia juris non excusat.* Ignorance of a material fact may excuse a party, but ignorance of the law does not excuse him from the legal consequences of his conduct."). Furthermore, this Court has upheld the denial of a Rule 60(b) motion when the moving party "was under the impression that he would be informed of a hearing time by [the opposing party] and did not contact an attorney until after the default judgment was entered." *JMM Plumbing & Utils., Inc. v. Basnight Constr. Co., Inc.*, 169 N.C. App. 199, 202-03, 609 S.E.2d 487, 490 (2005). Here, the record fails to demonstrate excusable neglect, and accordingly, the trial court properly denied Williams' Rule 60(b) motion.

**[2]** Williams also sought relief from the judgment on the basis of fraud, misrepresentation, or other misconduct. *See* N.C. Gen. Stat. § 1A-1, Rule 60(b)(3) (2005). "To obtain relief under Rule 60(b)(3), the moving party must 1) have a meritorious defense, 2) that he was prevented from presenting prior to judgment, 3) because of fraud, misrepresentation or misconduct by the adverse party." 2 G. Gray Wilson, *North Carolina Civil Procedure* § 60-8, at 60-22 (3d ed. 2007).

In support of her Rule 60(b)(3) argument, Williams argued that Hedrick had actual knowledge of Williams' address, but "[d]espite all of this knowledge, Hedrick never attempted to contact Williams after Mr. Wood withdrew as counsel to inform Williams that this matter was scheduled for any trial or hearing, even though Hedrick knew that Williams vigorously denied the allegations made by Hedrick." In her brief to this Court, Williams contends that Hedrick could have and should have called her at one of her four phone numbers and informed her of the trial date. Williams, however, concedes that "there is no duty to do this under [the] law." Williams does not point to any false statement made by Hedrick to the trial court during the

18 July 2005 proceeding, and the record reveals no "egregious scheme of directly subverting the judicial process." *Henderson v. Wachovia Bank of N.C.*, *N.A.*, 145 N.C. App. 621, 628, 551 S.E.2d 464, 469 (quotation marks and citation omitted), *disc. rev. denied*, 354 N.C. 572, 558 S.E.2d 869 (2001). Williams has failed to demonstrate that the judgment was procured by any fraud, misconduct, or misrepresentation, and accordingly, this assignment of error is overruled.

**[3]** Finally, Williams based her Rule 60(b) motion in part on subsection (6)—"[a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2005). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case," *McGinnis v. Robinson*, 43 N.C. App. 1, 10, 258 S.E.2d 84, 89 (1979) (quotation marks and citation omitted), and "[t]he broad language of Rule 60(b)(6) gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice." *Flinn v. Laughinghouse*, 68 N.C. App. 476, 478, 315 S.E.2d 72, 73 (1984). However, "Rule 60(b)(6) is not a catch-all rule . . . [and] [i]n order to be entitled to relief under Rule 60(b)(6) the movant must show that (1) extraordinary circumstances exist and that (2) justice demands such relief." *Goodwin v. Cashwell*, 102 N.C. App. 275, 278, 401 S.E.2d 840, 842 (1991) (internal quotation marks and citations omitted).

This Court previously has found a movant entitled to Rule 60(b)(6) relief when the movant had no notice that the case had been calendared. *See Windley v. Dockery*, 95 N.C. App. 771, 383 S.E.2d 682 (1989). In *Windley*, "the critical question . . . was whether [the movants] had notice, constructive or actual," that the proceeding had been calendared, *id.* at 772-73, 383 S.E.2d at 683, and this Court noted that the only evidence before the trial court was that the movants had not received notice. *See id.* at 773, 383 S.E.2d at 683. In the instant case, Williams denied, both in her Rule 60(b) motion and at the hearing on her motion, that she had notice of the 18 July 2005 hearing. However, this was not the only evidence before the trial court. Instead, the trial court also had before it an affidavit from Hedrick stating that the six-month calendar had been published in April 2005, and at no point did Williams deny this. It also was uncontroverted that Williams was represented by counsel until 28 April 2005. Therefore, it was reasonable for the trial court to believe that Williams' counsel had received notice of the hearing date, and "knowledge of an attorney is imputed to [the attorney's] client." *In re T.M.*, 182 N.C. App. 566, 572-73, 643 S.E.2d 471, 475-76 (2007).

Therefore, Williams has failed to "show that (1) extraordinary circumstances exist and that (2) justice demands such relief." *Goodwin*, 102 N.C. App. at 278, 401 S.E.2d at 842 (internal quotation marks and citation omitted); *see also Thacker v. Thacker*, 107 N.C. App. 479, 482, 420 S.E.2d 479, 481 ("[A] lack of counsel and/or an ignorance of the law does not amount to 'extraordinary circumstances' without some showing that the lack of counsel or ignorance *was due to reasons beyond control of the party seeking relief*." (emphasis added)), *disc. rev. denied*, 332 N.C. 672, 424 S.E.2d 407 (1992). The record demonstrates that the trial court's denial of Williams' motion was not "manifestly unsupported by reason," *Clark*, 301 N.C. at 129, 271 S.E.2d at 63, and accordingly, Williams' assignment of error is overruled.

When a Rule 60(b) movant has failed to satisfy his or her burden of demonstrating the existence of a reason justifying relief from a judgment, *see* N.C. Gen. Stat. § 1A-1, Rule 60(b)(1)-(6) (2005), " 'the question of meritorious defense becomes immaterial.' " *Scoggins*, 169 N.C. App. at 413, 610 S.E.2d at 431 (quoting *Howard v. Williams*, 40 N.C. App. 575, 580, 253 S.E.2d 571, 574 (1979)). Therefore, we need not address Williams' arguments with respect to her purported meritorious defense. *See Estate of Teel by Naddeo v. Darby*, 129 N.C. App. 604, 611, 500 S.E.2d 759, 764 (1998).

**[4]** In her final argument, Williams contends that the trial court erred in its 18 July 2005 judgment finding her liable for unfair and deceptive trade practices. However, Williams only filed notice of appeal from the denial of her motion for relief, and therefore, we do not have jurisdiction to review the underlying judgment entered 18 July 2005.

"As a general rule, the appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the ones from which the appeal is being taken." *Chee v. Estes*, 117 N.C. App. 450, 452, 451 S.E.2d 349, 350 (1994). As this Court has held, "[n]otice of appeal from denial of a motion to set aside a judgment which does not also specifically appeal the underlying judgment does not properly present the underlying judgment for our review." *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990).

In the case sub *judice*, Williams filed notice of appeal only from the trial court's order denying her Rule 60(b) motion:

Third-Party Defendant P.D. Williams, Individually and as Co-Trustee of the Croom Trust, hereby gives notice of appeal to the

Court of Appeals of North Carolina from the Order entered by the Honorable J.B. Allen, Superior Court Judge, on 19 September 2005 in the Superior Court, Wake County, which denied Third-Party Defendant's Motion for Relief from Judgment of the judgment entered July 18, 2005 on the claim for Unfair Business and Trade Practices and for treble damages under N.C.G.S. 75-16.

Accordingly, we do not reach Williams' arguments concerning the 18 July 2005 judgment, and these assignments of error are dismissed.

Affirmed in part; Dismissed in part.

Judges CALABRIA and STEPHENS concur.