IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-493

No. COA21-785

Filed 19 July 2022

Davidson County, No. 21 CVS 1155

RH CPAs, PLLC, f/k/a RIVES & ASSOCIATES, LLP, Plaintiff,

v.

SHARPE PATEL PLLC, JAY SHARPE, and AARON PATEL, Defendants.

Appeal by Defendants from order entered 2 September 2021 by Judge Stanley L. Allen in Davidson County Superior Court. Heard in the Court of Appeals 26 April 2022.

*Tuggle Duggins P.A., by Richard W. Andrews and Jeffrey S. Southerland, for Plaintiff-Appellee.*

*Marcellino & Tyson, PLLC, by Matthew T. Marcellino and Clay A. Campbell, for Defendants-Appellants.*

INMAN, Judge.

¶ 1   Sharpe Patel PLLC, Jay Sharpe ("Sharpe"), and Aaron Patel ("Patel") (collectively "Defendants") appeal from the trial court's order denying their motions for relief from judgment pursuant to North Carolina Rules of Civil Procedure 52, 58, 59, 60, and 68.1 and their appeal. Because the Confession of Judgment was properly entered by the clerk and Defendants have failed to demonstrate the trial court abused its discretion in denying them relief from judgment, we affirm.

## I.    FACTUAL & PROCEDURAL BACKGROUND

The record below discloses the following:

RH CPAs, PLLC f/k/a Rives & Associates, LLP ("Plaintiff") is a public accounting firm based in Lexington, North Carolina.  Sharpe and Patel are former partners of Plaintiff.  Sharpe and Patel informed Plaintiff of their intent to dissolve their partnership and separate from Plaintiff in January 2020 and invoked the mediation provision in their partnership agreement.  The parties participated in two days of mediation, which resulted in an impasse.

Shortly after the mediation concluded, Defendants filed suit against Plaintiff in Wake County Superior Court on 5 February 2020.  In connection with the suit, Plaintiff discovered that Sharpe and Patel had been planning to leave Plaintiff for months and had contacted Plaintiff's employees and clients about their planned departure, all while they were partners and fiduciaries of Plaintiff.

On 18 February 2020, the parties entered into a Settlement Agreement providing that Defendants would make a series of payments to Plaintiff in exchange for their release from their obligations under the partnership agreement.  Paragraph 2a of the Settlement Agreement provided explicit procedures for calculating these payments:

> [Defendants] shall pay to [Plaintiff] twenty-five percent
> (25%) of all Gross Revenue from Accounting Services
> provided    to    Partnership    Clients    ("Gross    Revenue

Percentage Payments") from the Settlement Date to the second anniversary of the Settlement Date in 2022 (the "Second Anniversary Date"). Such payments shall be calculated, due, and payable on an annual basis. All Gross Revenue Percentage Payments due for Accounting Services provided before the first anniversary of the Settlement Date in 2021 (the "First Anniversary Date"), shall be paid in full not later than February 28, 2021. All Gross Revenue Percentage Payments due for Accounting Services provided after the First Anniversary Date, but before the Second Anniversary Date, shall be paid in full not later than February 28, 2022. [Defendants] shall use their commercially reasonable best efforts to obtain bank financing if necessary to meet these financial obligations; provided that, they do not guarantee that they will be able to obtain such financing. To the extent Gross Revenue Percentage Payments owed are not paid in full on the applicable due date, such amounts due for each year shall accrue interest annually from the date due until the date such amounts are paid in full at a rate of the prime rate published in the Wall Street Journal from time to time plus two percent (2%). Payments of the outstanding amounts owed plus accrued interest will be due monthly and the amortization period is twelve months. Within five (5) business days after the First Anniversary Date and Second Anniversary Date, as applicable, [Plaintiff] shall be provided a calculation of the Gross Revenue Percentage Payments for the applicable year calculated by Rink & Robinson, PLLC, who shall be engaged to conduct agreed upon procedures ("AUP") to calculate the Gross Revenue. The firm conducting the AUP can be changed if mutually agreed upon by the parties. The scope of the AUP will be mutually agreed upon by the parties. Within five (5) business days after the last day of each quarter, [Defendants] will provide [Plaintiff] with a list of Partnership Clients who retained [Defendants] in that quarter. The costs of the AUP engagement will be paid by [Defendants].

The Settlement Agreement defines "Gross Revenue" as "all fees (whether unbilled, billed, or collected)."

Paragraph 2c of the Settlement Agreement provided that Defendants' payment obligations would also be secured by a Confession of Judgment:

> As security for the payments provided herein, [Defendants] hereby agree to execute a Confession of Judgment . . . in the amount of $500,000. . . . This Confession of Judgment . . . shall not be filed or surrendered . . . unless and until [Defendants] have been provided at least fifteen (15) days' notice, in writing, of any alleged default in making any payment allegedly due under this Agreement. During this fifteen days, [Defendants] may cure any alleged default by making the payment that is allegedly past due, in which event the Confession of Judgment . . . shall not be filed with any court[.]

In March 2020, Sharpe and Patel, on behalf of themselves and Sharpe Patel, PLLC, executed the Confession of Judgment to secure and enforce their payment obligations in an amount up to $500,000.

In January and February 2021, the parties exchanged several emails about the procedures to calculate Defendants' first gross revenue payment due on 28 February 2021. Sharpe objected to several procedures outlined by Plaintiff and informed Plaintiff that despite many attempts, Defendants had not been able to retain the agreed-upon firm to calculate the gross revenue percentage payments, Rink & Robinson, PLLC ("Rink & Robinson"). Sharpe invited Plaintiff to propose alternative firms. Plaintiff proposed five potential replacement accounting firms later that same

day. The parties continued to correspond via email, but Defendants did not agree to any of the accounting firms proposed by Plaintiff and disputed certain accounting procedures.

¶ 8        Over Plaintiff's objection, in February 2021 Defendants notified Plaintiff they had engaged a new accounting firm, Goldberg & Davis, CPAs ("Goldberg & Davis") and instructed the firm to limit its calculations to only fees *collected*, in direct conflict with the definition of gross revenue in the Settlement Agreement. Plaintiff had a "material concern" about whether Goldberg & Davis would perform the calculation objectively because Patel had a prior relationship with the firm and had even contemplated an acquisition.

¶ 9        On 18 February 2021, Plaintiff's counsel sent a Notice of Breach of Settlement Agreement to Defendants' counsel. Plaintiff sent additional notices of default to Defendants on 10 March 2021 and 10 May 2021. Based upon the calculations from Goldberg & Davis, Defendants tendered payments totaling $99,842.75 to Plaintiff, which Plaintiff cashed on 29 April 2021.

¶ 10        Because Defendants had not cured their default despite three notices, Plaintiff filed the Confession of Judgment on 27 May 2021. The clerk of court filed the judgment decreeing that Plaintiff "have and recover judgment against Defendants Sharpe Patel PLLC, Jay Sharpe, and Aaron Patel in the principal amount of $307,946.98; plus interest accrued from the date of entry of judgment until paid at

the rate of 8% per annum, together with the costs of filing this Confession of Judgment."

¶ 11 Defendants appealed to superior court pursuant to N.C. Gen. Stat. § 1-301 (2021), sought to stay the clerk's judgment, and moved for relief from judgment pursuant to Rules 52, 58, 59, 60, and 68.1. The trial court denied Defendants' motions and appeal on 2 September 2021. Defendants appeal to this Court.

## II. ANALYSIS

### A. Confession of Judgment

¶ 12 The trial court denied Defendants' amended motions under North Carolina Rules of Civil Procedure 52, 58, 59, 60, and 68.1 along with their appeal pursuant to N.C. Gen. Stat. § 1-301.1 because, the trial court concluded, the Confession of Judgment was properly entered. We affirm the trial court's order on this ground.

¶ 13 Rule 68.1 of our Rules of Civil Procedure sets forth the procedure for filing a confession of judgment:

> A prospective defendant desiring to confess judgment shall file with the clerk of the superior court . . . a statement in writing signed and verified or sworn to by such defendant authorizing the entry of judgment for the amount stated. *The statement shall contain the name of the prospective plaintiff, his county of residence, the name of the defendant, his county of residence, and shall concisely show why the defendant is or may become liable to the plaintiff.*

N.C. Gen. Stat. § 1A-1, Rule 68.1(b) (2021) (emphasis added). "When a statement in conformity with this rule is filed with the clerk of the superior court, the clerk shall

enter judgment thereon for the amount confessed, and docket the judgment as in other cases, with costs, together with disbursements." *Id.*, Rule 68.1(d).

¶ 14     Here, the clerk entered judgment on 27 May 2021 based on the Confession of Judgment Plaintiff filed. The trial court made the following findings regarding the validity of the Confession of Judgment:

> 5. On May 27, 2021, the Firm filed a Confession of Judgment that had been signed by Sharpe Patel, Sharpe, and Patel in March 2020 (the "Confession of Judgment") with the Clerk of Superior Court of Davidson County.
>
> 6. The Confession of Judgment, on its face, does not identify any conditions that must be met before filing the Confession of Judgment.
>
> 7. The Confession of Judgment is verified or sworn to by Sharpe Patel, Sharpe and Patel; authorizes entry of judgment for the amount stated; contains the name of the prospective plaintiff and its county of residence; contains the names of prospective defendants and their respective counties of residence; and concisely shows why Sharpe Patel, Sharpe, and Patel may become liable to the Firm.

Defendants have not contested these or any other findings of fact in the trial court's order. *See Jonna v. Yaramada*, 273 N.C. App. 93, 104, 848 S.E.2d 33, 43 (2020) ("It was [the appellant's] duty 'to challenge findings and conclusions, and make corresponding arguments on appeal.'" (citation omitted)). As a result, the trial court's findings are binding on this Court. *In re Schiphof*, 192 N.C. App. 696, 700, 666 S.E.2d 497, 500 (2008) ("Unchallenged findings of fact are presumed correct and are binding on appeal." (citations omitted)).

¶ 15        The trial court's findings of fact support its conclusion that the Confession of Judgment meets the requirements set forth in Rule 68.1 and that the clerk properly entered the Confession of Judgment in accordance with Rule 68.1 and other applicable law. The trial court had no basis to grant Defendants' appeal from entry of the Confession of Judgment. We affirm the trial court's denial of Defendants' motions and appeal on this ground.

**B. Rule 60(b)(3)**

¶ 16        Our dissenting colleague would reverse and remand the trial court's denial of Defendants' Rule 60(b)(3) motion.

¶ 17        "[T]he standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion." *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citation omitted). Under this deferential standard, we may reverse the trial court "only upon a showing that its actions are manifestly unsupported by reason." *Id.* (quotation marks and citations omitted). On this record, we cannot reach that conclusion.

¶ 18        Rule 60(b)(3) provides that a trial court may relieve a party from judgment where there is "[f]raud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]" § 1A-1, Rule 60(b)(3). "To obtain relief under Rule 60(b)(3), the moving party must 1) have a meritorious defense, 2) that he was prevented from presenting prior to judgment, 3) because of fraud, misrepresentation or misconduct by the adverse party." *Milton v. Hedrick*, 188

N.C. App. 262, 268, 654 S.E.2d 716, 721 (2008) (quotation marks and citation omitted).

¶ 19        We are satisfied that the Settlement Agreement, despite the dissenting opinion's characterization, sufficiently defined what Defendants were required to pay Plaintiff, how Defendants' payments would be calculated, and what would happen if Defendants defaulted. Defendants were required to pay Plaintiff "twenty-five percent (25%) of all Gross Revenue from Accounting Services provided to Partnership Clients ('Gross Revenue Percentage Payments') from the Settlement Date to the second anniversary of the Settlement Date in 2022 (the 'Second Anniversary Date')." The Settlement Agreement expressly defined "Gross Revenue" as "all fees (*whether unbilled, billed*, or collected)[.]" (Emphasis added). The Settlement Agreement also provided that Defendants would submit records for calculation by the firm Rink & Robinson.

¶ 20        Contrary to the Settlement Agreement, Defendants instructed a different accounting firm—without Plaintiff's permission and in lieu of several other firms proposed by Plaintiff—to calculate only those fees which had been *collected* by Defendants omitting at least $10,937.50 in the calculation of the Gross Revenue Percentage Payment due 28 February 2021.

¶ 21        After learning that Defendants proceeded contrary to the terms of the Settlement Agreement, Plaintiff sent Defendants three separate notices, one for

breach of the Settlement Agreement and two for default, on 18 February 2021, 10 March 2021, and 10 May 2021. The Settlement Agreement provided that Defendants had fifteen days to cure the alleged default before Plaintiff could file the Confession of Judgment. When Defendants had not cured their default after two months, Plaintiff filed the Confession of Judgment with the clerk of court.

We disagree with our dissenting colleague's characterization of Plaintiff's filing of the Consent Judgment as "fraud, misrepresentation, or misconduct requiring the trial court to set aside the Consent Judgment." Nor do we agree that Defendants' alleged defense precluded Plaintiff from filing the Confession of Judgment. *Cf. Milton*, 188 N.C. App. at 270, 654 S.E.2d at 722 ("When a Rule 60(b) movant has failed to satisfy his or her burden of demonstrating the existence of a reason justifying relief from a judgment, *see* N.C. Gen. Stat. § 1A-1, Rule 60(b)(1)-(6) (2005), " 'the question of meritorious defense becomes immaterial.' " (quotation marks and citations omitted)). We hold the trial court did not abuse its discretion in denying Defendants' Rule 60 motion.

In sum, to the extent Defendants are aggrieved, they simply sought the wrong remedy. The trial court's denial of their motion for relief does not preclude Defendants from suing Plaintiff for money damages resulting from Plaintiff's alleged breach of the Settlement Agreement when it filed the Confession of Judgment.

### III.    CONCLUSION

For the reasons outlined above, we affirm the order of the trial court denying Defendants' appeal and motions for relief from judgment.

AFFIRMED.

Judge DIETZ concurs.

Judge TYSON dissents by separate opinion.

TYSON, Judge, dissenting.

The majority's opinion fails to apply the plain language of N.C. Gen. Stat. § 1A-1, Rule 60(b)(3) (2021). Their application of an abuse of discretion standard of review of the trial court's order condoning Plaintiff's actions is contrary to our general statutes and precedents. Defendants have demonstrated "misrepresentation, or other misconduct of an adverse party," and are entitled to relief. *Id.* I vote to reverse the trial court's order and remand for further proceedings. I respectfully dissent.

## I. Standard of Review

"[T]he standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion." *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citation omitted). "A [trial] court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100, 135 L.Ed.2d 392, 414 (1996) (citation omitted). The trial court's conclusions of law are reviewed *de novo*. *Judd v. Tilghman Med. Assocs., LLC*, 272 N.C. App. 520, 530, 847 S.E.2d 45, 52 (2020) (citation omitted). The trial court's denial of Defendants' Rule 60(b)(3) was an error of law and is properly reversed.

## II. Rule 60(b)(3)

The trial court's denial of Defendants' Rule 60(b)(3) was an error of law and is properly reversed. Defendant's fraud claims against Plaintiff in their motions are supported by: (1) the lack of a "mutually agreed upon" and completed AUP; (2) no calculation completed by Rink & Robinson; (3) no agreed-upon substitute, nor a

determination of a "sum certain" due as prerequisites required to be met; and, (4) no mutual agreement being reached and notice prior to Plaintiff filing the Confession of Judgment. In the absence of satisfying these precedents, Plaintiff had no right to proceed and wrongfully filed the Confession of Judgment. Defendants possessed and presented a meritorious defense. Rule 60(b)(3) permits a court to relieve a party from an order where there is "Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]" N.C. Gen. Stat. § 1A-1, Rule 60(b)(3).

¶ 28        In order "[t]o obtain relief under Rule 60(b)(3), the moving party must 1) have a meritorious defense, 2) that he was prevented from presenting prior to judgment, 3) because of fraud, misrepresentation or *misconduct by the adverse party*." *Milton M. Croom Charitable Remainder Unitrust v. Hedrick*, 188 N.C. App. 262, 268, 654 S.E.2d 716, 721 (2008) (emphasis supplied). Defendants clearly asserted and meet all elements for relief under N.C. Gen State § 1A-1, Rule 60(b)(3).

¶ 29        Plaintiff and Defendants both agree they failed to "mutually agree" on the AUP and the Rink & Robinson firm failed to respond to both party's inquiries. No AUP was ever agreed to or completed, and calculations under the AUP was computed to determine a definitive sum certain. Plaintiff also failed to propose or agree to an alternative firm to Rink & Robinson for the AUP after Defendants had proposed multiple alternative firms.

¶ 30 Before the trial court, Defendants' counsel stated: "The conditions precedent, Your Honor, are these two things: An AUP must be established as agreed upon by the parties, and the CPA firm of Rink & Robinson must perform that AUP process to determine the calculations before my clients can determine the 25 percent and make a payment." During the hearing Plaintiff's counsel did not state Rink & Robinson had performed the AUP process at any time prior to the hearing or his client had proposed a substitute firm in response to Defendants' proffers of substitutes as provided under the Agreement.

¶ 31 The Settlement Agreement does not contain the terms of the AUP, only these procedures would be "mutually agreed upon" by the parties in the future. Neither Plaintiff nor Defendants received a response from Rink & Robinson. Yet, despite the proffers, tenders. and payments made by Defendants, and without the AUP agreed to and sum certain calculated, Plaintiff pre-emptively filed the Confession of Judgment with their purported calculation of monies due by Defendants. This self-serving assertion was not performed by a "mutually agreed upon" firm. Defendants were unable to present or plead the "meritorious defense[s]" before the clerk and to address the "misconduct by the adverse party" in prematurely filing the Confession of Judgment without authority. *Id.*

¶ 32 Unlike the focus of the majority opinion, the unlawful action and breach by the adverse party, Plaintiff, occurred in the unlawful assertion and untimely filing of the

Confession of Judgment before the assistant clerk of court. No date and time of notice and no right to Defendants was provided to challenge that action until the Rule 60 motion and hearing. Contrary to the assertions in the majority's opinion, the action by the assistant clerk of court in filing the Confession is not the issue before the trial court nor on appeal. The remedies Defendants have pursed are the proper means to challenge Plaintiff's premature and unlawful actions. *Id.*

¶ 33        At that time of filing, the only agreement between the parties was to mutually agree upon the AUP in the future, based on calculations from a firm from which neither party ever received a response. Plaintiff's premature and unlawful action forms the basis for the assertion of a Rule 60 motion to be reviewed in the trial court. *Id.*

¶ 34        Defendants have satisfied all elements for relief under Rule 60(b)(3). Plaintiff should not benefit for its unlawful action to unilaterally compute and file the Confession of Judgment. *Id.*

¶ 35        The majority's opinion baldly asserts the Defendants petitioned and pled the improper remedy, and Defendants should have sought monetary damages from Plaintiff from the alleged breach of the Settlement Agreement. Defendants' remedies and their damages for Plaintiff's wrongful conduct cannot be made whole or accomplished in a judicially inefficient and separate breach of contract action. Such action will not extinguish and remove the prematurely and unlawfully filed judgment

from the public record nor remove its lingering impacts on Defendants' creditworthiness and history of timely payment of its liabilities. This reputational damage is particularly relevant to potential clients, credit-reporting agencies, and regulators of a CPA firm.

### III.    Conclusion

Defendants presented a meritorious Rule 60 motion and are entitled to relief. Plaintiff possessed no lawful right to file the Confession of Judgment. Under *de novo* review, the trial court committed an error of law in denying Defendants' meritorious Rule 60 motion. The trial court's denial of Defendants' Rule 60(b)(3) motion was an error of law and is properly reversed. I respectfully dissent.