NORMAN LOCKE STONER v. MARY LOU BOWLING STONER

No. 8619DC513

(Filed 16 December 1986)

**Rules of Civil Procedure § 60.2— relief from divorce judgment—insufficient evidence**

Defendant was not entitled to relief from a judgment of absolute divorce under Rule 60(b) on the ground that she and plaintiff had not lived separate and apart for one year at the time of the divorce where the evidence showed that defendant told plaintiff's attorney on the day the divorce complaint was filed that the parties had been separated for more than a year; defendant accompanied plaintiff's attorney to the courthouse to file the divorce complaint and then to the sheriff's department where she was personally served; defendant failed to contest plaintiff's testimony at the divorce trial; and defendant only filed her motion nine months after the judgment when she learned that the absolute divorce revoked her name on plaintiff's life insurance policy.

APPEAL by defendant from *Grant, Judge.* Order entered 19 March 1986 in District Court, ROWAN County. Heard in the Court of Appeals 11 November 1986.

On 28 February 1985, plaintiff Norman Locke Stoner instituted an action for absolute divorce alleging in his complaint that he and defendant had lived separate and apart since 20 February 1984. On that same day, defendant stated to plaintiff's lawyer that she wanted a divorce and that she and her husband had been separated for more than one year. In fact, she accompanied plaintiff's lawyer to the courthouse to file the complaint and then to the Sheriff's Department where she was personally served.

On 4 April 1985, a judgment of absolute divorce was entered after a finding was made that plaintiff and defendant had continuously lived separate and apart for over a year. Defendant was

neither present nor represented by counsel. Defendant received a copy of the absolute divorce decree on approximately 9 April 1985.

On 6 October 1986, Norman Locke Stoner died. On 21 January 1986, defendant filed a motion to set aside the judgment of absolute divorce pursuant to Rule 60(b). At the hearing on 12 March 1986 defendant presented evidence which suggested that she and plaintiff were never separated and that they continued to have sexual relations both before and after the divorce.

Plaintiff's attorney in the divorce action testified at the hearing that defendant called him on 28 February 1985 and stated that she wanted to get a divorce. Defendant also assured the attorney that she had been separated from her husband for more than one year. Plaintiff's attorney also testified that Mr. Stoner had a life insurance policy in the amount of $22,830.00 which named defendant as beneficiary. The absolute divorce entered on 4 April 1985, however, revoked her name as beneficiary.

On 19 March 1986, the trial court denied defendant's motion for relief from judgment, and defendant gave oral notice of appeal in open court. From the order of the trial court, defendant Mary Lou Bowling Stoner appeals.

*Corriher, Whitley, Busby & Locklear, by Robert F. Busby and Richard D. Locklear, for defendant appellant.*

*Woodson, Linn, Sayers, Lawther & Short, by Donald D. Sayers, for plaintiff appellee.*

ARNOLD, Judge.

Defendant appellant first argues that the trial court committed reversible error in finding that the parties were separated for at least one year next preceding the institution of the divorce action. We disagree.

In addition to defendant's evidence at the hearing for relief from judgment, the trial court had before it: 1) the verified complaint of the plaintiff which stated that the parties had lived separate and apart since 20 February 1984, 2) the sworn testimony of a corroborating witness at the trial for divorce and 3) the testimony at the later hearing of plaintiff's attorney who stated

that on the day the divorce complaint was filed, defendant told him that she had been separated for more than a year. There was ample evidence to support the trial court's finding on this matter.

Defendant next contends that the trial court erred in concluding as a matter of law that the trial court had jurisdiction over the subject matter to grant the divorce. In support of her position defendant cites a line of cases including *Henderson v. Henderson*, 232 N.C. 1, 59 S.E. 2d 227 (1950). We hold, however, that this line of cases is not dispositive of the issue in the present case because the above line of cases involved situations where the defendant was served by publication and the fraud involved due process. *See Carpenter v. Carpenter*, 244 N.C. 286, 93 S.E. 2d 617 (1956).

The Supreme Court held in *Carpenter* that if a divorce decree regular on its face is obtained by false swearing, by way of pleading and evidence which relates to the grounds for divorce, the decree is not void but merely voidable. *Id.* It is immune from attack by either party to the divorce. *Id.* The rationale behind this decision is that the defendant had ample opportunity at trial to meet this testimony. *See* 1 R. Lee, North Carolina Family Law § 90, at 423 (4th ed. 1979); *Thrasher v. Thrasher*, 4 N.C. App. 534, 167 S.E. 2d 549 (1969). Based on this authority we find the cases supporting defendant's second contention inapposite.

Defendant next contends that the trial court erred in concluding as a matter of law that the defendant failed to allege and prove fraud, misrepresentation or misconduct sufficient to entitle her to relief under Rule 60(b) and that the trial court erred in concluding that defendant by her own actions is barred from the relief sought. We disagree.

Rule 60(b) states that the court "may" relieve a party from a final judgment "upon such terms as are just." A motion under Rule 60(b) is within the sound discretion of the trial court and appellate review is limited to a determination of whether the trial court abused its discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). In light of the facts that defendant herself told plaintiff's attorney that the parties were separated for over one year, that defendant accompanied the attorney to file the complaint and to be served, that defendant failed to contest plaintiff's testimony at the divorce proceeding and that she only filed her

motion nine months after the judgment when she learned that absolute divorce revoked her name as beneficiary on plaintiff's life insurance policy, we find no abuse of discretion on the part of the trial court in denying defendant's motion.

Defendant lastly contends that the trial court erred in that the findings of fact are not supported by the evidence, the conclusions are not supported by the findings, the trial court lacked subject matter jurisdiction to grant the divorce and that the trial court abused its discretion in denying defendant's Rule 60(b) motion. For the reasons stated above we disagree.

Affirmed.

Judges JOHNSON and EAGLES concur.