JOE DON SCOGGINS D/B/A BULL CITY OPRY HOUSE, INC., PLAINTIFF v. MR. JACOB JACOBS, A.K.A. MR. TEDDY LOUIS JACOBS, DEFENDANT

No. COA04-697

(Filed 5 April 2005)

**Judgments— default judgment—motion to set aside—failure to exercise due diligence—excusable neglect**

The trial court did not abuse its discretion in a breach of lease agreement, conversion, and unfair and deceptive trade practices case by denying defendant's motion to set aside entry of default judgment under N.C.G.S. § 1A-1, Rule 60(b) based on defendant's failure to exercise due diligence and the finding that his failure to answer the complaint was not due to excusable neglect, because: (1) the record supports the trial court's finding that defendant failed to act with due diligence when he admitted he did not consult an attorney after receiving service of process even though he had previously consulted an attorney about instituting an action against plaintiff, and defendant stated he sent a letter to the trial court despite the fact that he said he believed plaintiff's suit had not yet been instituted; (2) neither the failure to consult an attorney nor lack of legal experience constitutes excusable neglect; and (3) although defendant contends that he did not receive three days' notice of the default judgment hearing, defendant did not preserve this issue for review since he failed to raise the notice issue before the trial court or in his assignments of error.

Appeal by Defendant from order entered 9 December 2003 by Judge A. Leon Stanback, Jr. in Superior Court, Durham County. Heard in the Court of Appeals 1 March 2005.

*Stubbs, Cole, Breedlove, Prentis & Biggs, PLLC, by C. Scott Holmes, for plaintiff-appellee.*

*Brown, Flebotte, Wilson & Horn and Webb, PLLC, by Daniel R. Flebotte, for defendant-appellant.*

WYNN, Judge.

Rule 60(b) of the North Carolina Rules of Civil Procedure allows a judgment to be set aside if the moving party shows that the judgment rendered against him was due to his excusable neglect, and he

has a meritorious defense. *Higgins v. Michael Powell Builders*, 132 N.C. App. 720, 726, 515 S.E.2d 17, 21 (1999). In this appeal, Defendant Jacob Jacobs contends the trial court erroneously failed to find that he exercised due diligence and that his failure to answer the complaint was due to excusable neglect. Because the record shows competent evidence to support the trial court's finding that Jacobs did not exercise due diligence, and neither the failure to consult an attorney nor lack of legal experience constitutes excusable neglect, we affirm the trial court's order.

A brief procedural and factual history of the instant appeal is as follows: Plaintiff Joe Don Scoggins was a tenant of Jacobs' premises in Durham, North Carolina. The tenancy was established pursuant to a "Commercial Lease Agreement," under the terms of which Scoggins operated a night club.

On 8 February 2002, a fire broke out and damaged the premises. On 10 December 2002, Scoggins brought suit, contending, *inter alia*, that Jacobs breached the lease agreement by failing to repair the premises after the fire, committed conversion by removing Scoggins' fixtures from the premises, and engaged in unfair and deceptive trade practices.

The record reflects that Scoggins served Jacobs with a summons and complaint. In response, Jacobs sent a letter, dated 4 February 2003, to Scoggins. The letter stated the following:

> Don Scoggins,
>
> I got a summons from the Sheriff today saying you were going to sue me. I called your attorney and told him I don't want to talk to you or your attorney anymore. I want to counter sue you and the City and the Fire Department and the ABC Agent that neglected their job. We know the ABC Inspector was your Drummer. So I'm waiting [sic] I've spoken with a few Attorneys. You not only put me out of business, you put everyone in the building out of business. I still think you did it!!

The record reflects that this letter was hand-delivered to Scoggins in early February. Further, Jacobs stated in an affidavit that he also mailed the letter to the trial court, though without a file number. The letter apparently was not entered into the case file. Jacobs' attorney stated that:

> It doesn't surprise me that [the letter] wouldn't show up in the court file, because it's a little one paragraph hand-signed docu-

ment with really not even the names of the various parties on [sic]. And I don't know how this could have made its way to the court file given the scant information that's on it.

Jacobs did not proffer any further response to the summons and complaint.

On 19 March 2003, default was entered against Jacobs. On 13 May 2003, a hearing was held on Scoggins' motion for default judgment, and on 21 May 2003, default judgment was granted. On 22 September 2003, Jacobs moved to set asside the entry of default and judgment under Rule 60(b) of the North Carolina Rules of Civil Procedure. The trial court denied the motion to set aside judgment, and Jacobs appealed.

---

" 'To set aside a judgment on the grounds of excusable neglect under Rule 60(b), the moving party must show that the judgment rendered against him was due to his excusable neglect and that he has a meritorious defense.' " *Higgins*, 132 N.C. App. at 726, 515 S.E.2d at 21 (quoting *Thomas M. McInnis & Assoc., Inc.*, 318 N.C. 421, 425, 349 S.E.2d 552, 554-55 (1986)); *Baker v. Baker*, 115 N.C. App. 337, 340, 444 S.E.2d 478, 480 (1994) ("A party moving to set aside a judgment under Rule 60(b)(1) must show not only one of the grounds listed above but also the existence of a meritorious defense[.]" (citations omitted)). However, "[i]n the absence of sufficient showing of excusable neglect, the question of meritorious defense becomes immaterial." *Howard v. Williams*, 40 N.C. App. 575, 580, 253 S.E.2d 571, 574 (1979) (citing *Stephens v. Childers*, 236 N.C. 348, 72 S.E.2d 849 (1952)); *Creasman v. Creasman*, 152 N.C. App. 119, 125, 566 S.E.2d 725, 729 (2002) ("Whether defendant pled a meritorious defense is immaterial absent a showing of excusable neglect." (citation omitted)).

The decision to set aside a judgment under Rule 60(b)(1) is a matter within the trial court's discretion. *Burwell v. Wilkerson*, 30 N.C. App. 110, 112, 226 S.E.2d 220, 221 (1976) ("[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the Court abused its discretion." (quotation omitted)); *In re Hall*, 89 N.C. App. 685, 687, 366 S.E.2d 882, 884, *disc. review denied*, 322 N.C. 835, 371 S.E.2d 277 (1988) ("the decision to set aside a judgment under Rule 60(b)(1) is a matter within the trial court's discretion" (citation omitted)); *Stoner v. Stoner*, 83 N.C. App. 523, 525, 350 S.E.2d 916, 918 (1986) ("A motion under Rule 60(b) is within the sound discretion of the trial court and

appellate review is limited to a determination of whether the trial court abused its discretion." (citation omitted)). What constitutes excusable neglect is a question of law which is fully reviewable on appeal. *Higgins*, 132 N.C. App. at 726, 515 S.E.2d at 21 ("Whether a litigant's actions constitute excusable neglect is a question of law, reviewed on appeal based upon the facts as found below." (citing *Thomas M. McInnis & Assoc.*, 318 N.C. 421, 349 S.E.2d 552); *Hall*, 89 N.C. App. at 687, 366 S.E.2d at 884 ("what constitutes 'excusable neglect' is a question of law which is fully reviewable on appeal[]" (citing *Thomas M. McInnis & Assoc.*, 318 N.C. 421, 349 S.E.2d 552)). However, the trial court's decision is binding if there is competent evidence to support its findings and those findings support its conclusion. *Advanced Wall Sys. v. Highlande Builders, LLC*, —— N.C. App. ——, ——, 605 S.E.2d 728, 731 (2004) ("The trial judge's conclusion . . . will not be disturbed on appeal if competent evidence supports the judge's findings, and those findings support the conclusion.") (citation omitted)); *Hall*, 89 N.C. App. at 687, 366 S.E.2d at 884 ("[T]he trial court's decision is final if there is competent evidence to support its findings and those findings support its conclusion.") (citation omitted)). "Once excusable neglect has been shown as a matter of law, 'whether the judge shall then set aside the judgment or not rests in his discretion . . . .' " *Advanced Wall Sys.*, —— N.C. App. at ——, 605 S.E.2d at 731 (quoting *Morris v. Liverpool, London & Globe Ins. Co.*, 131 N.C. 212, 213, 42 S.E. 577, 578 (1902) (citation omitted)).

In his first assignment of error, Jacobs alleges that the trial court's finding that he failed to act with due diligence was error because there was "insufficient evidence to support the finding."

As discussed above, the trial court's finding will be binding on appeal if competent evidence supports the finding. *Advanced Wall Sys.*, —— N.C. App. at ——, 605 S.E.2d at 731 ("The trial judge's conclusion . . . will not be disturbed on appeal if competent evidence supports the judge's findings[.]") (citations omitted)); *Hall*, 89 N.C. App. at 687, 366 S.E.2d at 884 ("the trial court's decision is final if there is competent evidence to support its findings and those findings support its conclusion[]") (citation omitted)).

Contrary to Jacobs' assertion, the record shows competent evidence supported the trial court's finding. For example, in Jacobs' affidavit, he admitted that after he received service of process he did not consult an attorney, even though he had previously consulted an

attorney about instituting an action against Scoggins. Jacobs stated that he did not realize that the summons and complaint meant that an action had been instituted against him; he thought they were "a prelude to being sued." Jacobs sent a letter to Scoggins, in which he stated that he did not "want to talk to you or your attorney anymore[,]" and that Jacobs intended "to counter sue" Scoggins. In the letter, Jacobs also accused Scoggins of putting Jacobs and others out of business. The letter did not respond to Scoggins' claims of breach of the lease agreement, conversion by removing Scoggins' fixtures, or unfair and deceptive trade practices. Despite the fact that Jacobs said he believed that Scoggins' suit had not yet been instituted, he nevertheless stated he sent a copy of the letter to the trial court. However, Jacobs indicated he failed to put the case number on the letter. And as Jacobs' own attorney stated, it is no surprise that the letter "wouldn't show up in the court file, because it's a little one paragraph hand-signed document with really not even the names of the various parties on [sic]. And I don't know how this could have made its way to the court file given the scant information that's on it."

Given that the record shows competent evidence supports the trial court's finding that Jacobs failed to act with due diligence, we must uphold the trial court's finding.

In his next assignment of error, Jacobs contends that the trial court erred in its conclusion of law that Jacobs' failure to consult with an attorney did not rise to the level of excusable neglect. Jacobs contends that the trial court's conclusion "is contrary to the current North Carolina law." We disagree.[1]

"[W]hat constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." *Creasman*, 152 N.C. App. at 124, 566 S.E.2d at 729 (quoting *Thomas M. McInnis & Assoc.*, 318 N.C. at 425, 349 S.E.2d at 554-55). However, this Court has made clear that the failure of a party to obtain an attorney does not constitute excusable neglect. *See, e.g., Creasman*, 152 N.C. App. at 124, 566

---

1. In his second assignment of error, Jacobs calls the trial court's conclusion that Jacobs' failure to consult counsel was inexcusable neglect a finding of fact. Jacobs contends that there was insufficient evidence to support that "finding of fact." The trial court's conclusion that Jacobs's failure to consult an attorney did not constitute excusable neglect was not a finding of fact but a conclusion of law. Moreover, even if we treat as a finding of fact that Jacobs failed to consult counsel, Jacobs' own affidavit, in which he stated "I did not consult with an attorney after being served with the summons and complaint" provides sufficient evidence to support that finding.

S.E.2d at 729 ("This Court has previously held that the failure of a party to obtain an attorney is not excusable neglect." (citations omitted)). In *Hall*, this Court made plain that "[a] party may not show excusable neglect by merely establishing that she failed to obtain an attorney and was ignorant of the judicial process." *Hall*, 89 N.C. App. at 688, 366 S.E.2d at 885 (citation omitted). Indeed, "[e]xcusable neglect is not shown when a party fails to hire an attorney, even if he has never been involved in a lawsuit before and lacks knowledge of when his case will come up for trial." *Moore v. City of Raleigh*, 135 N.C. App. 332, 336-37, 520 S.E.2d 133, 137 (1999) (citation omitted), *disc. review denied*, 351 N.C. 358, 543 S.E.2d 131 (2000).

In his last assignment of error, Jacobs contends that the trial court erred in its conclusion that Jacobs' lack of legal experience in the court system did not rise to the level of excusable neglect. We disagree.

As this Court made clear in *Hall*,

A party may not show excusable neglect by merely establishing that she failed to obtain an attorney and was ignorant of the judicial process. *See Gregg v. Steele*, 24 N.C. App. 310, 210 S.E.2d 434 (1974). Similarly, the fact that the movant claims he did not understand the case, or did not believe that the court would grant the relief requested in the complaint, has been held insufficient to show excusable neglect, even where the movant is not well educated. *See Boyd v. Marsh*, 47 N.C. App. 491, 267 S.E.2d 394 (1980).

*Hall*, 89 N.C. App. at 688, 366 S.E.2d at 885; *see also, e.g., Moore*, 135 N.C. App. at 337, 520 S.E.2d at 137 ("[R]epresentation of self and failure to hire counsel, even when a party is not well educated or is unacquainted with the judicial process, does not constitute excusable neglect.")

Lastly, we note that Jacobs argues he was entitled to, yet did not receive, three days notice of the default judgment hearing. However, because Jacobs did not raise the notice issue before the trial court or in his assignments of error, it has not been preserved for appellate review. *Creasman*, 152 N.C. App. at 123, 566 S.E.2d at 728 ("We note that defendant did not raise this issue in his motion to set aside the judgment. The record does not reflect a ruling on this issue by the trial court. 'A contention not raised in the trial court may not be raised for the first time on appeal.' " (quoting *Town of Chapel Hill v.*

*Burchette*, 100 N.C. App. 157, 159-60, 394 S.E.2d 698, 700 (1990), and citing N.C. R. App. P. 10(b)(1)); N.C. R. App. P. 10(a) ("the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal").

For the reasons stated herein, we affirm the order of the trial court.

Affirmed.

Judges HUDSON and STEELMAN concur.