SUZANNE MONAGHAN, M.D., Plaintiff v. ANNA SCHILLING, MD, PLLC and ANNA SCHILLING, M.D., Defendants

No. COA08-1308

(Filed 16 June 2009)

**Judgments— default—motion to set aside denied—insufficient showing of excusable neglect**

A Rule 60(b) motion to set aside a default judgment was properly denied where there was sufficient evidence in the record to support the trial court's conclusion that defendants failed to establish excusable neglect, notwithstanding defendants' failure to request findings. The issue of whether there was a showing of a meritorious defense was immaterial.

MONAGHAN v. SCHILLING

[197 N.C. App. 578 (2009)]

Appeal by defendants from order entered 26 March 2008, judgment entered 26 March 2008, findings of fact and conclusions of law entered 31 March 2008, and order entered 5 May 2008 by Judge Laura J. Bridges in Rutherford County Superior Court. Heard in the Court of Appeals 9 April 2009.

*Wimer & Jobe, by Michael G. Wimer, for plaintiff-appellee.*

*Hayes Hofler, P.A., by R. Hayes Hofler, for defendant-appellants.*

BRYANT, Judge.

Defendants Anna Schilling, MD, PLLC and Anna Schilling, M.D. appeal from a Rutherford County Superior Court order entered 26 March 2008, which denied defendants' motion to set aside entry of default and motion for sanctions; a final judgment entered 26 March 2008, which ordered that plaintiff Monaghan, M.D. recover a principal sum of $69,529 plus prejudgment interest, post-judgment interest, and court costs; findings of fact and conclusions of law entered 31 March 2008; and an order entered 5 May 2008 which denied defendants' motion to renew and reconsider a previously filed motion to set aside entry of default and motion for sanctions, motion to set aside entry of default judgment, motion for a new trial, motion to amend findings of fact and motion for stay. For the reasons stated herein, we affirm the orders and judgments of the trial court.

On 21 August 2006, Monaghan entered into a written employment agreement with Schilling PLLC in which she was to receive salary, bonuses, and expenses and a three-month notice in the event of termination without cause. On 25 September 2007, she filed a complaint alleging that on 16 July 2007 defendants abruptly terminated her without cause and without appropriate notice. Monaghan claimed breach of contract and intentional infliction of emotional distress and sought damages in excess of $10,000.

On 30 October 2007, defendants filed a motion for extension of time. The motion was granted and the time for filing an answer to Monaghan's complaint extended until 5 December 2007; however, no answer was ever filed. On 4 February 2008, Monaghan filed a motion for entry of default. Defendants failed to respond to the motion, and on 6 February 2008, the Rutherford County Clerk of Superior Court entered default in favor of Monaghan.

On 28 February 2008, Monaghan filed a motion for default judgment. A notice of hearing, also filed 28 February 2008, provided that

Monaghan's motion for default judgment would be heard by the trial court on 18 March 2008 during the morning session beginning at 9:30 a.m. On 29 February 2008, defendants filed a motion to set aside entry of default and a motion for sanctions. The hearing on defendants' motions was scheduled for the same morning session on 18 March 2008. At the hearing, defendant Schilling did not appear, and defense counsel was forty-five minutes late. Meanwhile, the trial court heard testimony as to damages on Monaghan's motion for default judgment.

On 26 March 2008, the trial court entered a written order consistent with its oral ruling at the 18 March hearing denying defendants' motion to set aside entry of default and motion for sanctions stating that "[a]fter reviewing the documents in the file, the Court concludes that the Defendants failed to establish good cause for setting aside the Entry of Default."

Also, on 26 March 2008, consistent with its oral ruling, the trial court entered a final judgment on Monaghan's motion for default judgment which stated that "[Monaghan] shall have and recover a Final Judgment against the Defendants in the principal sum of $69,529 . . . plus prejudgment interest, postjudgment interest, and court costs." Monaghan immediately filed a request pursuant to Civil Procedure Rule 52 for findings of fact and conclusions of law. On 31 March 2008, the trial court entered the following findings of fact and conclusions of law in support of the default judgment:

4. After [an] extended deadline expired, Defendants failed to file an answer or otherwise respond to [Monaghan's] Complaint.

5. On February 4, 2008, [Monaghan] filed a Motion for Entry of Default as to all liability issues. [Monaghan] duly and properly served this Motion for Entry of Default upon Defendants' counsel, but Defendants did not respond to the motion.

6. On February 6, 2008, the Clerk of Court signed an Entry of Default against Defendants, jointly and severally, as to all liability issues.

7. On or about February 28, 2008, [Monaghan] filed a Motion for Default Judgment pursuant to Rule 55. . . . The Motion and Notice of Hearing were duly and timely served upon Defendants' counsel.

. . .

9. Defendants did not respond to [Monaghan's] Motion for Default Judgment.

. . .

11. On March 18, 2008, [Monaghan's] Motion for Default Judgment and Defendants' Motion to Set Aside Entry of Default and Motion for Sanctions came on for hearing, as noticed.

12. [Monaghan] and her counsel appeared for the hearings. Defendants' counsel also appeared for the hearings. Defendants did not appear for the hearing in person.

On 8 April 2008, defendants filed a motion pursuant to Rule 62 to stay the proceedings to enforce the judgment, as well as a "Motion to Renew And Reconsider Previously-Filed Motion To Set Aside Entry of Default And Motion For Sanctions And Motion To Set Aside Entry of Default Judgment And Motion for New Trial" pursuant to Rules 55(d), 59, and 60(b). Defendants' motions were heard on 29 April 2008. At the conclusion of the hearing, the trial court stated, "I cannot find that [defendants] have shown a meritorious defense. I cannot find that there is excusable neglect." On 5 May 2008, the trial court entered an order which stated that "[a]fter reviewing the documents in the file and hearing the arguments of counsel, the Court concludes that the Defendants' motions should be denied." Defendants appeal.

On appeal, defendants present one question: Did the trial court err in failing to make findings of fact and conclusions of law as to whether there was a showing of excusable neglect and meritorious defense?

Under North Carolina Rules of Civil Procedure, Rule 55(d), "[f]or good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." N.C. R. Civ. P. 55(d) (2007). Under Rule 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or *excusable neglect* . . . ." N.C. R. Civ. P. 60(b) (2007) (emphasis added). "The decision whether to set aside a default judgment under Rule 60(b) is left to the sound discretion of the trial judge, and will not be overturned on appeal absent a clear showing of abuse of discretion." *JMM Plumbing & Utils., Inc. v. Basnight Constr. Co.*, 169 N.C. App. 199, 202, 609 S.E.2d 487, 490 (2005) (citation omitted).

Under the North Carolina General Statutes, section 1A-1, Rule 52(a)(2), "[f]indings of fact and conclusions of law are necessary on decisions of any motion or order ex mero motu only when requested by a party and as provided by Rule 41(b)." N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2007).

> A trial court is not required to make written findings of fact when ruling on a Rule 60(b) motion, unless requested to do so by a party. Where the trial court does not make findings of fact in its order denying the motion to set aside the judgment, the question on appeal is whether, on the evidence. before it, the court could have made findings of fact sufficient to support its legal conclusion[.]

*Creasman v. Creasman*, 152 N.C. App. 119, 124, 566 S.E.2d 725, 729 (2002) (internal citations and quotations omitted); *see also Grant v. Cox*, 106 N.C. App. 122, 415 S.E.2d 378 (1992) (holding that when ruling on a motion under Rule 60(b)(1), the trial court is not required to make written findings of fact unless a request is made); *Texas Western Financial Corp. v. Mann*, 36 N.C. App. 346, 243 S.E.2d 904 (1978) (holding that though a trial court is not required to make findings of fact, absent a request, whether there exists sufficient evidence to support the order ruling on a motion to set aside a judgment is fully reviewable).

Our review of the record reveals that no request was made for written findings of fact regarding the trial court's 5 May 2008 order. That order denied defendants' post-trial motions—"Motion to Renew And Reconsider Previously-Filed Motion To Set Aside Entry of Default And Motion For Sanctions And Motion To Set Aside Entry of Default Judgment And Motion for New Trial"—filed on 8 April 2008 pursuant to Rules 55(d), 59, and 60(b). We note with particularity defendants' motion to amend, pursuant to Rule 52(b), the trial court's findings of fact in its 31 March order.[1] Therein, defendants requested that the trial court amend its findings of fact set forth in the 31 March order (which referenced its previous separate orders both dated 25 March 2008 denying defendants' motion to set aside entry of default and for sanctions and granting default judgment). Defendants requested the following four amendments:

---

1. N.C. Gen. Stat. § 1A-1, Rule 52(b) (2007)—Amendment. Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

1. Defendants request that the findings of fact be amended to state that Plaintiff's counsel agreed to an informal extension of time for Defendants' response.

2. Defendants request that the findings of fact be amended to state that Defendants' counsel was in trial in Henderson County during the week of February 4, 2008.

3. Defendants request that Finding of Fact number 9 be omitted in its entirety on the basis that Defendants' counsel did in fact file a response, a Motion to Set Aside Entry of Default, attaching numerous exhibits which Defendants' contend go to show good cause for setting aside the Entry of Default.

4. Defendants request that Finding of Fact number 12 be revised to state that Defendants' counsel did not appear for the hearing but arrived just prior to the conclusion of Plaintiff's presentation of evidence on Plaintiff's Motion for Default Judgment. Defendants further request that Findings of Fact number 12 be revised to state that Defendant's counsel did contact the Clerk of Court at some time prior to the beginning of the hearing to advise the Court that she was going to be late.

At the 29 April hearing, in addition to the argument on the post-trial motions, defense counsel argued that the trial court should allow her suggested amendments to the findings of fact set forth in the 31 March order. Plaintiff's counsel was allowed to respond. Thereafter, the trial court succinctly ruled "[t]he changing of the findings of facts is denied."

Before this Court, defendants argue that the trial court was required to make findings of fact as to their Rule 60(b) motion; however, "[f]indings of fact . . . are necessary on decisions of any motion . . . only when requested by a party[,]" N.C.G.S. § 1A-1, Rule 52(a)(2). Here, defendants requested that the trial court amend its findings pursuant to Rule 52(b) rather than make findings of fact on the denial of the "Motion to Renew And Reconsider Previously-Filed Motion To Set Aside Entry of Default And Motion For Sanctions And Motion To Set Aside Entry of Default Judgment And Motion for New Trial."

We are aware that defendants are dissatisfied with the trial court's findings of fact and conclusions of law as to the orders entered; however, defendants cannot make a Rule 52(b) request for amended findings of fact regarding a previous 31 March 2008 order applicable to a Rule 60(b) motion and subsequent 5 May 2008 order

where there was no additional request for findings of fact. Nevertheless, we look to determine whether, on the evidence before it, the trial court could have made findings of fact sufficient to support its legal conclusion that there was no excusable neglect or a meritorious defense.

> To set aside a judgment on the grounds of excusable neglect under Rule 60(b), the moving party must show that the judgment rendered against him was due to his excusable neglect and that he has a meritorious defense. However, in the absence of sufficient showing of excusable neglect, the question of meritorious defense becomes immaterial.

*Scoggins v. Jacobs*, 169 N.C. App. 411, 413, 610 S.E.2d 428, 431 (2005) (internal citations and quotations omitted).

"The issue of what constitutes 'excusable neglect' is a question of law which is fully reviewable on appeal." *McIntosh v. McIntosh*, 184 N.C. App. 697, 704-05, 646 S.E.2d 820, 825 (2007) (citation omitted).

> While there is no clear dividing line as to what falls within the confines of excusable neglect as grounds for the setting aside of a judgment, what constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case.

> Thus, we have previously noted that deliberate or willful conduct cannot constitute excusable neglect, nor does inadvertent conduct that does not demonstrate diligence.

*Id.* at 705, 646 S.E.2d at 825 (internal citations and quotations omitted). And, "[c]learly, an attorney's negligence in handling a case . . . should not be grounds for relief under the 'excusable neglect' provision of Rule 60(b)(1)." *Briley v. Farabow*, 348 N.C. 537, 546, 501 S.E.2d 649, 655 (1998).

In *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 586 S.E.2d 791 (2003), this Court held that a trial court properly denied the defendant's motion to set aside the entry of default and the default judgment. There, the plaintiff filed a complaint alleging breach of contract on 19 July 2001, and the summons was served 23 July 2001. *Id.* at 485-86, 586 S.E.2d at 793. The defendant first responded to the lawsuit on 15 March 2002 when he filed a motion to strike the plaintiff's motion for entry of default. *Id.* at 486, 586 S.E.2d at 793. In the defendant's motion, he argued that good cause as follows existed to strike

the entry of default: "That defendant is not a lawyer, and is unfamiliar with the procedural and substantive rules of law of the State of North Carolina. That he did not know nor understand the consequences of a failure to timely respond to the complaint and summons." *Id.* at 487, 586 S.E.2d at 794 (brackets omitted). This Court noted that "[it] generally has upheld the denial of a motion to set aside entry of default where the evidence shows defendant simply neglected the matter at issue." *Id.* at 488, 586 S.E.2d at 795 (citation omitted). For such reason, this Court held the trial court did not err by denying the defendant's motion to set aside the entry of default or the order for default judgment. *Id.* at 494, 586 S.E.2d at 798.

In the instant case, defendants' conduct does not demonstrate diligence or conduct that may reasonably be expected of a party paying proper attention to its case. *See McIntosh*, 184 N.C. App. at 705, 646 S.E.2d at 825. Monaghan filed suit on 25 September 2007, and defendants were duly served. Defendants obtained an extension of time until 5 December 2007 but as of 4 February 2008 defendants had not filed an answer or otherwise responded to the complaint. On 4 February 2008, Monaghan filed a motion for entry of default, and after defendant failed to respond, default judgment was entered on 6 February 2008. Upon defendants' motions to set aside entry of default and other post-trial motions, the trial court heard defense counsel's acknowledgment that errors and mistakes were made; however, the explanations were not sufficient to excuse the mistakes.

Notwithstanding defendants' failure to request findings of fact as to the denial of the Rule 60(b) motion, on the record before us, there is sufficient evidence to support the trial court's conclusion that defendants failed to establish excusable neglect; therefore, the issue of whether there was a showing of a meritorious defense is immaterial. *See Scoggins*, 169 N.C. App. at 413, 610 S.E.2d at 431. The Rule 60(b) motion to set aside default judgment was properly denied. Accordingly, this assignment of error is overruled, and the judgment of the trial court affirmed.

Affirmed.

Judges GEER and STEPHENS concur.