IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-15

Filed 3 September 2024

Chatham County, No. 22CVD380

MICHAEL EDWARD TUMINSKI, Plaintiff,

v.

KRISTEN ANN NORLIN, Defendant.

Appeal by plaintiff from judgment entered 14 March 2023 by Judge Joal H. Broun in Chatham County District Court. Heard in the Court of Appeals 14 August 2024.

*Patrick Law PLLC, by Kristen A. Grieser, for the plaintiff-appellant.*

*Jackson Family Law, by Jill S. Jackson, for the defendant-appellee.*

TYSON, Judge.

Michael E. Tuminski ("Plaintiff") appeals from an order denying Plaintiff's Rule 60(b) Motion to set aside judgment for divorce and for declaratory judgment. We affirm.

## I.    Background

Plaintiff and Kristen A. Norlin ("Defendant") were married on 26 May 2018 and separated two years later on 4 May 2020. The marriage produced no children.

Plaintiff began spending the night in a room located above a detached garage. Within the same month, Plaintiff acquired a boat and began living on both the boat and above the detached garage. Defendant began holding herself out as separated from Plaintiff to friends and co-workers.

Plaintiff and Defendant remained in contact while separated. The parties picked up Plaintiff's boat, spent Plaintiff's birthday, and spent Christmas holidays together. Plaintiff became stranded in Jacksonville, Florida. Defendant flew down to help him move his boat to Ft. Myers, Florida.

Between 4 May 2020 and Christmas 2020, the parties occasionally engaged in sexual relations. The parties did not reconcile their marital issues and Defendant did not intend to reconcile. Plaintiff completed his move to Ft. Myers, Florida in January 2021 and began to live on his boat full time.

In early July 2021, Defendant informed Plaintiff of her intent to file for divorce. Defendant filed a verified Complaint for Absolute Divorce in Chatham County on 23 July 2021 with assigned court file number 21-CVD-497.

The Complaint and Summons were served by certified mail, return receipt requested, to Plaintiff's personal mailbox located in the Ft. Myers United Parcel Service ("UPS") store. Plaintiff contracted with UPS and authorized it to act as Plaintiff's agent for receiving service of process. The return receipt was labeled as having been received by "BP/FP" and had "COVID-19" instead of a signature.

Plaintiff additionally received notice of the divorce hearing scheduled on 1 September 2021. Neither Plaintiff nor his counsel appeared for the hearing. The court granted Defendant's motion and entered a Judgment for Absolute Divorce. Plaintiff did not appeal this judgment entered in 21-CVD-497.

Plaintiff filed a new complaint and action under assigned court file number 22-CVD-380 on 31 May 2022 to set aside the Judgment for Absolute Divorce pursuant to Rules 4(j)(1) and 60(b)(4) of our Rules of Civil Procedure. The trial court denied Plaintiff's purported motions by order filed 30 July 2023 on 31 July 2023. Plaintiff appeals.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2023).

## III. Issues

Plaintiff argues the trial court erred by denying his Rule 60(b) motion to set aside the judgment for an absolute divorce and by sanctioning him pursuant to Rule 11(b).

## IV. Standard of Review

"[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court, and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 195, 217 S.E.2d 532, 540 (1975). A judgment is "subject to reversal for abuse of discretion only upon a showing by [the appellant] that the challenged actions are manifestly unsupported by reason." *Clark*

*v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980) (citation omitted). The trial court's findings of fact are binding upon appeal if supported by competent evidence. *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 655 (1998).

### V.     Plaintiff's Motion to Set Aside

### A.  Service of Process

Plaintiff argues the trial court abused its discretion by denying his Rule 60(b) motion to set aside the earlier judgment entered in 21-CVD-497 as void due to a lack of personal jurisdiction caused by defective service of process. We disagree.

Our General Statutes allow a court to "reli[e]ve a party . . . from a final judgment, order, or proceeding" where "the judgment is void." N.C. Gen. Stat § 1A-1, Rule 60(b)(4) (2023). Personal jurisdiction over a defendant may only be obtained in two ways: (1) "the issuance of summons and service of process by one of the statutorily specified methods[;]" or (2) the defendant's voluntary appearance or consent to the court's jurisdiction. *Fender v. Deaton*, 130 N.C. App 657, 659, 503 S.E.2d 707, 708 (1998) (citation omitted); *Tobe-Williams v. New Hanover Cnty Bd. of Educ.*, 234 N.C. App. 453, 461, 759 S.E.2d 680, 687 (2014) (citation omitted). "The law is well settled that without such jurisdiction, a judgment against [a] defendant is void." *Freeman v. Freeman*, 155 N.C. App. 603, 606-07, 573 S.E.2d 708, 711 (2002) (citation omitted).

Plaintiff failed to appear at the underlying trial court's hearing in 21-CVD-497, did not file a responsive pleading, nor did he contest the court's jurisdiction by other

means. Effective service of process must be shown to enable the trial court to acquire personal jurisdiction over Plaintiff.

Defendant elected to complete service of process by serving the summons and the complaint through certified mail, return receipt requested. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c) (2023) authorizes service of process "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." Defendant properly addressed and sent the certified mail to Plaintiff and the mail was delivered to Defendant's personal mailbox, located in the Ft. Myers UPS store. Defendant provided proof of service by filing an affidavit in the court file, with the return receipt attached. *Id.*

Sufficiency of proof of service is controlled by N.C. Gen. Stat. § 1-75.10(a)(4) (2023). When service of process is completed by certified mail, the proof of service can be provided "by affidavit of the serving party averring":

> a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
>
> b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
>
> c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10(a)(4) (2023).

"If the record demonstrates compliance with the statutory requirements for service of process, such compliance raises a presumption the service was valid." *Yves v. Tolentino*, 287 N.C. App. 688, 691, 884 S.E.2d 70, 72 (2023) (citing *Patton v. Vogel* 267 N.C. App. 254, 258, 833 S.E.2d 198, 202 (2019)); N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2) (2023).

Plaintiff purports to challenge the presumption and the trial court's conclusion the summons and complaint were received. The trial court's findings of fact in a denial of a Rule 60(b) motion are binding on appeal, if supported by competent evidence. *See Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 655 (1998). Defendant's affidavit, with return receipt attached, constitutes competent evidence supporting the trial court's finding and conclusion of delivery to the addressee. *See State v. Bradley*, 282 N.C. App. 292, 296, 870 S.E.2d 297, 301 (2022) ("Competent evidence is evidence that is admissible or otherwise relevant.") (citation omitted).

The record demonstrates Defendant's compliance with the statutory requirements and the judgment entered was a default judgment. Defendant's affidavit "raises a [rebuttable] presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process[.]" N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2) (2023).

Beyond this presumption and affidavit of service, Plaintiff admits to "receiving all of his mail at the UPS [personal mailbox,]" as he was living on a boat at the time,

and "he signed a contract authorizing the UPS store to act as his agent for receiving service of process addressed to his UPS [personal mailbox.]"

The requirements of Rule 4(j)(1) for service of process were met and service of process was effective. The trial court correctly concluded it acquired personal jurisdiction over Plaintiff in the underlying absolute divorce action in 21-CVD-497. *Id.*

## B. One Year Requirement for Divorce

Plaintiff argues the trial court abused its discretion by denying his Rule 60(b) motion to set aside the underlying judgment for absolute divorce as void. He asserts the parties had not been separated for a year prior to Defendant's filing for divorce, despite allegations in Defendant's complaint and affidavit.

Under N.C. Gen. Stat. § 50-6 (2023), parties must be separated for at least a year prior to filing for absolute divorce. "A party may obtain relief from a final judgment pursuant to Rule 60(b)(4) of the Rules of Civil Procedure, if . . . the judgment is void *ab initio.*" *Dunevant v. Dunevant*, 142 N.C. App. 169, 174, 542 S.E.2d 242, 245 (2001) (citation omitted).

Where a party contends a divorce judgment was obtained through false swearing and the judgment is otherwise regular on its face, the judgment is voidable, not void *ab initio. See Stoner v. Stoner*, 83 N.C. App. 523, 525, 350 S.E.2d 916, 918 (1986). The procedure to challenge such a divorce judgment is through a motion in the cause in the divorce action, 21-CVD-497, rather than asserting an independent

action. Plaintiff's collateral attack on the divorce judgment through independent action in 22-CVD-380 is improper. *See Carpenter v. Carpenter*, 244 N.C. 286, 295, 93 S.E.2d 617, 625-26 (1956).

While an exception exists for a defendant to a divorce action, who is prevented from presenting his case by an improper service of process, such exception does not apply in this case where Plaintiff was properly served. *Compare id.*, *with Henderson v. Henderson*, 232 N.C. 1, 9, 59 S.E.2d 227, 233-34 (1950).

As both the record and judgment are regular on their face and Plaintiff appointed an agent and admittedly received effective service of process through that agent, Plaintiff cannot collaterally attack the divorce judgment through independent action. *Id.* The trial court did not abuse its discretion by denying Plaintiff's Rule 60 motion. Plaintiff's argument is overruled.

## VI.   Rule 11 Language

Plaintiff argues the trial court erred in including Rule 11 language in the order denying his Rule 60(b) motion. Defendant did not file a motion for Rule 11 sanctions, nor did the order sanction Plaintiff. Any language in the order concerning purported bad faith is harmless and non-prejudicial. *See* N.C. Gen. Stat. § 1A-1, Rule 61 (2023) ("No . . . error or defect in any ruling or order or in anything done or omitted by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action amounts to the denial of a substantial right."). Plaintiff's argument

is overruled.

### VII.    Conclusion

The trial court correctly denied Plaintiff's Rule 60 motion to set aside the prior absolute divorce decree in 21-CVD-497.  Defendant did not file a motion for Rule 11 sanctions nor did the order sanction Plaintiff. Any language concerning Plaintiff's bad faith in the order was harmless and non-prejudicial.  The order of the trial court is affirmed.  *It is so ordered.*

AFFIRMED.

Judges STADING and THOMPSON concur.